**SCHWOB COMPANY OF FLORIDA v. FLORIDA INDUSTRIAL COMMISSION, a State agency.**

11 So. (2nd) 782                                                     June Term, 1942
August 4, 1942                                                              En Banc

*William Blount Myers,* for petitioner.

*Burnis T. Coleman, John P. Mack* and *S. Sherman Weiss,* for respondent.

TERRELL, J.:

Schwob Company of Florida filed its petition in the circuit court praying for a review and reversal with instructions of that certain order of the Florida Industrial Commission dated April 17, 1942, wherein it denied petitioner's application for re-determination of its rate of contribution under the Unemployment Compensation Act. Respondent filed its motion to dismiss challenging the legal sufficiency of the petition to show any ground for the relief sought. The question of law presented by the petition and motion to dismiss was not adjudicated by the circuit court but was on joint motion of the parties certified to this Court under Rule 38 for adjudication.

The petition must be denied because it attempts to transfer the jurisdiction of the circuit court to this Court, which cannot be done. Sections Five and Eleven of Article Five of the Constitution defines the jurisdiction of the circuit courts and this Court and no rule of court or statute will be construed as affecting that jurisdiction. This is not a case in which the Court and the circuit court have coordinate jurisdiction.

The appellate jurisdiction of this court cannot be invoked and a cause transferred bodily to it except from a determination of the inferior court. Transfer of a cause to this Court without such determination amounts to transferring original jurisdiction to it. The Legislature nor this Court has power to extend the jurisdiction of a court beyond that defined in the Constitution. If a case is one in which this Court and the circuit court have coordinate jurisdiction, a different rule may apply.

Rule 38 of the Rules of this Court was adopted and became effective April 1, 1942. Its purpose was to enable the circuit court to apply to this Court for instruction as to questions of law that arise in the litigation of causes before it. Questions of fact will not be certified under the rule but distinct questions of law only will be considered and they must be without controlling precedent, must arise out of the main litigation, and must facilitate its disposition. On such questions, the court may give binding instructions or if appropriate it may require the whole record sent up and dispose of the case as if on appeal.

Typical of the questions that may be certified to this Court under Rule 38 are those affecting jurisdiction of the circuit court, procedural questions, what statute of limitations governs, who are proper parties to the cause, scope of a statute as affecting power of the circuit court. These and others present questions ancillary to the main issue that sometimes bring a half dozen or more appeals to this Court before the merits of the case are reached and disposed of. Rule 38 should remedy this impediment to the dispatch of causes. It may also be employed to transfer cases in which this Court and the circuit court have coordinate jurisdiction.

From this analysis, it will be seen that when cases in which this Court and the circuit courts have coordinate jurisdiction are eliminated a large percentage of the cases brought up under Rule 38 will involve nothing more than questions of nomenclature. That is to say, proceedural and jurisdictional questions and questions that will dispose of the whole case at the outset. Litigants should not be burdened with repeated appeals to settle such questions. If the rule did nothing more than relieve this, it would serve a good purpose.

The certificate is denied because the question certified is not within the contemplation of the rule.

WHITFIELD, BUFORD, CHAPMAN and ADAMS, JJ., concur.

BROWN, C. J., and THOMAS, J., dissenting in part but concurring in the order made.

BROWN, C. J., dissenting in part, but concurring in the order made:

I concur in the holding that the two questions here sought to be certified are not such as are contemplated by Rule 38. They are too long and complicated in their statement for one thing, and in effect ask us to decide the case pending in the circuit court, by postulating or hypothesizing a list of facts, and then asking, in effect, if the circuit court should not grant the relief prayed for. The questions as stated present mixed questions of law and facts.

In 3 Am. Jur., pages 757 to 761, it is said:

"1268. Generally.—The practice of certifying questions to a higher court for decision, pending the hearing in the lower court, without taking up the whole case for review, seems to have originated in the statutes governing such practice in the Federal courts and has been more or less adopted in several of the states. These statutes usually specify the questions which may be certified, the proceedings which they may be certified, what courts may certify them, and the time or at what stage of the proceedings the certification may be made. Statutes authorizing the certification of questions to an appellate court are not intended to extend its jurisdiction to any question which would not be reviewable therein on appeal or a writ of error.

"1269. Limitation upon Amount in Controversy.—Although the Legislature has limited the right of review to cases involving more than a stated amount, questions may be certified without regard to the amount in controversy.

"1270. What Questions May Be Certified.—In General,—As a general rule, only single, definite, and distinct questions or propositions of law which actually arise in the case, which are material, and which will aid the court in determining the case before it can be certified. Questions of fact or of mixed law and fact cannot be certified. The question certified cannot involve or imply a conclusion or judgment upon the weight or effect of testimony or facts adduced in the cause. Obviously, the same considerations apply to the questions whether an indictment is sufficient in law. Somewhat along the same line are questions which require a consideration of the whole case on the facts. For instance, a question whether the evidence in a criminal case is sufficient to establish the offense charged, or whether on the whole evidence a plaintiff is entitled to recover, or whether a verdict is supported by the evidence, is improper."

And in Sec. 1217, pages 761-762, of 3 Am. Jur., this appears: "Questions which embrace the whole cause cannot be certified. Nor can the whole case be brought up by splitting it up into several distinct questions.

I therefore concur in the conclusion that this certificate must be denied.

But there are some statements in the opinion of Mr. Justice TERRELL which I think unduly limit the scope and the usefulness of this recently adopted rule. At this early stage, we cannot possibly outline in detail the exact scope and applicability of the rule, in all future cases. We can learn much from the decisions of the Federal and State Courts where similar rules have long been in use. This rule 38, like rule 34, was adopted in aid of, and not to depart from our *appellate* jurisdiction, which is vested in this court by Sec. 5 of Art V of the Constitution. I seriously doubt if it has any applicability to this Court's original jurisdiction. By its language rule 38 applies to the voluntary certification to this Court of questions by Judges of the circuit courts in

causes pending before them either on their own motion or on motion of either of the parties. It may well be that the clause in the rule providing that the entire record may be ordered by this Court to be sent up and the entire controversy decided by this Court "as if it were on appeal" should be limited to cases where the circuit court is exercising an original jurisdiction in a class in which this Court is also vested with coordinate jurisdiction, but I think we might as well postpone the decision of that question until it is presented in some concrete case.

Nor can I concur in the statement that "when cases in which this Court and the circuit court have co-ordinate jurisdiction are eliminated, a large percentage of the cases brought up under rule 38 will involve nothing more than questions of nomenclature." If one will but refer to Vol. 28, U.S.C.A., and read Section 346 of the Judicial Code, providing for the certification of questions, derived from an act of Congress adopted in 1891, and several times since amended, and read the annotations of the decisions of the Supreme Court of the United States on this general subject, the error of that statement I think will become at once apparent.

Rule 37 of the Supreme Court of the United States is substantially the same as our rule 38, and the decisions of that Court construing that rule, and also those construing Sec. 346 of the Judicial Code, are enlightening, and will prove helpful. If we do not foreclose these questions as to the scope of our rule 38 in advance, but leave that to be hammered out on the anvil of concrete cases as they arise, we may save ourselves and the bench and bar of the State much confusion. We should develop the scope and applicability of the rule by the time tested process of judicial exclusion and inclusion as worked out in the decision of certified questions as they arise. But certainly the rule cannot be so applied as to invade or interfere with the constitutional jurisdiction of the circuit court, nor as to permit this Court to usurp an original jurisdiction with which it is not vested by the Constitution. And this is made plain by the language of the rule itself.

As above stated, the main purpose of this rule is in aid

of or as ancillary to our appellate jurisdiction, and also to aid the circuit courts in facilitating their work, without interfering with the full exercise of ·their original jurisdicton. And I beleve that it will prove a helpful and beneficial rule. In this connection, see State v. Crocker, 5 Wyo. 397, 40 Pac. 684. The application and use of the rule should of course be kept in line with the plain intent and purpose of its language and in harmony with the constitutional jurisdiction of both this Court and the circuit courts.

THOMAS, J., concurs.