Action by Harold E. Stark and others, a copartnership trading and doing business as Albert W. Sisk Son, of Aberdeen, Md., for moneys allegedly advanced by plaintiffs to defendants, against A.H. Malcom and Coralou K. Malcom, a copartnership trading and doing business as A.H. Malcom Company, of Orange County, Fla. On certified questions.
Certificate granted.
Appellees, as plaintiffs, brought an action at law against appellants as defendants to recover moneys alleged to have been advanced by them to defendants. The amended declaration was in five counts, the fifth count being the common count for money paid by the plaintiffs, for the defendants, into the court below at their request.
At this step in the cause defendants filed in the trial court, and served on plaintiffs, written interrogatories as provided by Section 91.30, F.S.A. Plaintiffs filed objections to defendants' interrogatories, alleging that Section 91.30, F.S.A., contemplates the taking of oral depositions only and does not authorize written interrogatories to be served on the adverse party to be answered by it under oath in writing. Upon hearing objections to the written interrogatories it seems that the trial court determined that the answers to them would be determinative of the question raised and there was no controlling authority in the premises. He accordingly certified the cause to this Court under Rule 38.
We have consistently given a strict interpretation to Rule 38. Schwob Co. of Florida v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782. The *Page 470 
question certified may be clearly comprehended in the factual statement, preceding paragraph. It is admitted that it turns on the interpretation of Section 91.30, F.S.A., Chaper 24041, Acts of 1947. Since it involves an important procedural question that has not heretofore been considered, we grant the certificate. Section 91.30, F.S.A., is as follows:
"Depositions in chancery and civil cases in the courts of this state may be taken and used under the same circumstances and conditions and for the same purposes and according to the same procedure that depositions are permitted to be taken and used in the district courts of the United States under and pursuant to the federal rules of civil procedure."
In Surrency v. Winn Lovett Grocery Co., Fla., 34 So.2d 564, speaking through Mr. Justice Barns, we upheld the validity of this act. We also held that it was remedial and should be liberally interpreted. It is admitted that Section 91.30, F.S.A., authorizes the adoption of Federal Rules of Civil Procedure, Rules 26 to 32 inclusive, 28 U.S.C.A., relating to oral depositions, but it is contended that it did not adopt Federal Rule 33, relating to depositions by written interrogatories to an adverse party.
We do not think this position is well taken. One cannot read the Federal Rules of Civil Procedure treating depositions and discovery without being convinced that two methods for taking depositions are authorized, that is to say, they may be taken orally or they may be secured by written interrogatories. Rule 33, Federal Rules of Civil Procedure, has to do with depositions by written interrogatories and we think was contemplated by, and was adopted by Section 91.30, F.S.A. Any other holding would very much restrict the relief intended by the adopting statute. It is hardly necessary to say that the remedy provided by the act is cummulative and additional to others provided by law.
The adopting statute not only contemplates but requires that whether depositions be taken orally or by written interrogatories, they must be taken and used under the same circumstances and conditions and for the same purposes, and according to the same procedure that depositions are permitted to be taken and used in the District Courts of the United States under the Federal Rules of Civil Procedure.
The certificate is therefore granted and we hold that Section 91.30, F.S.A. contemplates taking depositions either orally or by written interrogatories.
It is so ordered.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur. *Page 676