113 So.2d 250 (1959)
Wallace G. DAVIES, Plaintiff,
v.
Dona Suess DAVIES, Defendant.
No. 59-204.
District Court of Appeal of Florida. Third District.
May 26, 1959.
Kastenbaum, Mamber & Gopman, Miami Beach, for plaintiff.
Burton R. Levey, Miami, for defendant.
CARROLL, CHAS., Chief Judge.
Incident to a divorce suit pending in the circuit court of Dade County, that court has certified to this court, under rule 4.6 of *251 Florida Appellate Rules, 31 F.S.A.,[1] the following question:
"Does a chancellor have power or authority under Florida law to award alimony and/or attorney's fees to a husband in a divorce suit where he finds that the equities of the cause are with the husband and that the wife has been guilty of extreme cruelty and has done physical violence to him which has resulted in his being wholly incapacitated to earn a livelihood?"
In Schwob Co. v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782, and numerous later decisions, the Supreme Court has consistently given strict interpretation to the rule for certification of questions to an appellate court. In our view, the question certified is within the purview of the Schwob case.[2]
The basis for alimony which is provided for by statute in this state is the common-law obligation of a husband to support his wife. Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169, 173; Bredin v. Bredin, Fla. 1956, 89 So.2d 353, 355, 61 A.L.R.2d 942. It follows that there is no basis or authority to allow alimony to a husband, unless expressly provided for by statute, because of the absence of a corresponding underlying duty of a wife for the support of her husband. 17 Am.Jur., Divorce and Separation, § 574; 27 C.J.S. Divorce § 204; 2 Nelson, Divorce and Annulment, § 14.16 (2d ed. 1945); Annotation 24 A.L.R. 491.
The statutory provisions in this state relating to alimony provide for its payment to a wife, and do not make provision for payment of alimony to a husband. The main statutory provision dealing with the subject is § 65.08, Fla. Stat., F.S.A. This section provides for alimony, upon a decree of divorce, to be granted to the wife, but contains no provision for alimony for a husband. Section 65.08 reads as follows:
"In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife. In any award of permanent alimony the court shall have jurisdiction to order periodic payments or payment in a lump sum."
The statutory section dealing with alimony pendente lite (§ 65.07) makes provision for an award of alimony to a wife but contains no provision for such an allowance to a husband. Similarly and by way of analogy, the statutory provisions for "Alimony unconnected with divorce" (§ 65.09), and "Alimony unconnected with causes of divorce" (§ 65.10), make provision for payment of alimony to a wife only.
Also, as a further and definite indication of the statutory scheme and intent to provide alimony to a wife, and the absence of such provision with respect to a husband, it is noted that § 65.11, which is entitled "Effect of decree of alimony," provides that when alimony is allowed in divorce or in separate maintenance, the decree "shall release the wife from the control *252 of her husband, and she may use her alimony, and acquire, use and dispose of other property, uncontrolled by her husband; * * *."
The question which was certified under the rule was concerned with allowance to the husband of attorney's fees as well as alimony. Under the statutes above referred to the answer as to attorney fees is the same as that regarding the alimony.
The certificate is hereby granted, and the question propounded by the circuit court is answered in the negative.
It is so ordered.
HORTON and PEARSON, JJ., concur.
NOTES
[1] The rule first appeared as No. 38 of the Rules of Practice adopted by the Supreme Court December 17, 1941; became Supreme Court Rule 27 on March 15, 1955; and was carried forward and made applicable to the district courts of appeal as rule 4.6 of Florida Appellate Rules, which became effective July 1, 1957.
[2] Under rule 4.6 it is provided that briefs of the parties shall be filed within 15 days after the filing of the certificate, and that oral argument may be granted upon application. No briefs were filed and no request was made for oral argument.