116 So.2d 34 (1959)
Henry CLAR, as Administrator of the Estate of Lolita M. Pullen, also known as Lolita Wright, deceased, Plaintiff,
v.
DADE COUNTY, a political subdivision of the State of Florida, Defendant.
No. 59-542.
District Court of Appeal of Florida. Third District.
October 15, 1959.
*35 George B. Pomeroy and John Carruthers, II, Miami, for plaintiff.
Morehead, Forrest, Gotthardt & Greenberg, Miami, for defendant.
HORTON, Chief Judge.
A suit for damages was filed by the administrator of the decedent's estate, claiming that by reason of the negligence of the defendant's employee in failing to exercise reasonable skill in diagnosing the ailments, rendering treatment and administering care, the decedent died. The plaintiff, upon leave of court, filed his amended complaint, in which he alleged that at the time of the death of the decedent, she was not survived by a husband or by any person or persons dependent upon her for support. He further alleged that there did not exist at the time of the filing of the complaint, or at the time of the accrual of the cause of action, any person having a precedent right of action over the plaintiff other than a minor child whose rights had been assigned to the plaintiff.
Pursuant to Rule 4.6, Florida Appellate Rules, 31 Fla. Stat., F.S.A., the circuit court has certified to this court the following question, which it feels is determinative of the cause and is without controlling precedent in this state:
"May the right of action for wrongful death conferred by the statute (§ 768.02, Fla. Stat., F.S.A.) upon a minor child of the deceased, be waived or assigned to the Administrator?"
As was pointed out by this court in Davies v. Davies, Fla.App. 1959, 113 So.2d 250, the Supreme Court of Florida has consistently given a strict interpretation to the rule for certification of questions to an appellate court. See Schwob Co. v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782. In our opinion, the question certified here is within the purview of the Schwob case.
In Florida, § 768.02, Fla. Stat., F.S.A., provides that every wrongful death action shall be brought in the name of the widow or husband as the case may be; and where there is neither widow nor husband surviving the deceased, then the minor child or children; and where there is neither widow, husband nor minor child or children, then the action may be maintained by any person or persons dependent upon such person killed for support. Lastly, where there is neither of the classes above mentioned to sue, then the action may be maintained by the executor or administrator of the estate of the person killed.
Although not answering the question under consideration directly, the language of the Supreme Court of Florida, in Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213, 219, is persuasive as to the right of a member of a class to bring suit under the wrongful death statute where there has been no showing of the exclusion of all other members of a superior class:
"The amended second remanded declaration upon which the parties finally got to trial alleged the facts constituting *36 the alleged gross negligence of the defendant and that decedent was injured thereby. It contained the averment that decedent died on November 26, 1938, but was silent as to cause of death. It alleged the fact of the appointment of the plaintiff as the executrix of the last will and testament and estate of the decedent but it failed to exclude the existence of a surviving husband, minor child or children, or person or persons dependent upon decedent for support, without which showing there can be no cause of action in the personal representative of the decedent under the death by wrongful act statute."
At common law, the assignment of a cause of action to recover for personal injuries was not permitted upon the principle that personal injury claims die with the person. Apparently Florida subscribes to that rule as evidenced by the language of the Supreme Court of our state in State Road Department v. Bender, 147 Fla. 15, 2 So.2d 298, 300, wherein it was stated:
"A cause of action arising from pure tort like personal injury cannot be assigned, but it is well settled that a cause of action growing out of injury to property may be assigned especially when the assignee, as in this case, has acquired title to the property. 6 C.J.S. Assignments § 34, p. 1082."
Generally, claims seeking damages for death exist solely by virtue of statute, and most commonly, such statutes vest the cause of action in a specified individual, such as the decedent's next of kin or his personal representative, and absent a contrary statutory provision, an individual who, under the applicable death statute, is authorized to bring an action to recover damages for death may not assign to another his right to prosecute such action. See 40 A.L.R.2d at pages 501-519, and cases cited therein.
Since Florida appears to follow the common law rule on non-assignability of a personal injury claim, and absent statutory authority that permits the waiver or assignment of the right to bring an action under the wrongful death statute, we conclude that the right of action could not be waived or assigned in favor of a person in an inferior class by a person occupying a superior position.
Georgia has a wrongful death statute similar to that of the Florida statute  Ga. Code Ann., Chapter 105-13, Wrongful Death. In answering a similar certified question, the Supreme Court of Georgia, in Bloodworth v. Jones, 191 Ga. 193, 11 S.E.2d 658, 660, said:
"Under our statutes, if there is a surviving widow, the right of action is vested in her, and she alone may bring the suit; and this is not altered by the provision that the children shall share in the recovery.
"It can hardly be doubted that after recovery the widow may waive, in favor of the children, her right to share in the benefits resulting from the recovery; but she can not, by waiver or assignment of any sort, alter the terms of the statute. Whatever may be the rule, in a case where the widow dies before the suit is brought, as to the right of the children to sue, * * * the statute vests the right to sue in the first instance in the widow, and so long as she lives neither the children nor any one for them can institute such action. The statute makes no provision for a case where the widow declines to sue, and gives her no right to transfer or assign the right to sue to another."
The certificate is hereby granted, and the question propounded by the circuit court is answered in the negative.
It is so ordered.
PEARSON and CARROLL, CHAS., JJ., concur.