118 So.2d 546 (1960)
In re ESTATE of David ARON, Deceased.
No. 59-741.
District Court of Appeal of Florida. Third District.
March 10, 1960.
Grady C. Harris, Miami, as guardian of the property of Anna L. Aron, Incompetent, in pro. per.
Leonard Rivkind, Miami Beach, for executrix of the Estate of David Aron, deceased.
PEARSON, Judge.
Incident to the probate of the estate of David Aron, deceased, in the County Judge's Court of Dade County, that court has certified to this court, under Rule *547 4.6 of Florida Appellate Rules, 31 F.S.A., the following questions:
"First Question: Where the facts in the pending cause are as above stated, do any of the provisions of Sec. 731.35 Florida Statutes 1957 [F.S.A.] bar the aforesaid election of Anna L. Aron, Incompetent, by said guardian of her property, and of said guardian of her property, to take dower in the properties and rights of property owned by her husband David Aron at the time of his death, because said election was not filed in said probate cause within nine months after said executrix's said notice to creditors was first published?
"Second Question: If the answer to the aforesaid first question of law is `Yes', is said limitation of time for filing said election to take dower, as set forth in Sec. 731.35 Florida Statutes 1957 [F.S.A.], tolled or stayed for a period of one year next after the date (August 15, 1958) on which said guardian of the property of Anna L. Aron, Incompetent, was appointed by the County Judge's Court of Dade County, Florida, by reason of the provisions of Sec. 744.62 Florida Statutes 1957 [F.S.A.] which read as follows:
"`Suspension of statutes of limitations in favor of guardian.  If a person entitled to bring an action is declared incompetent before the expiration of the time limited for the commencement thereof and the cause of the action survives, the action may be commenced by the guardian after such expiration and within twelve months from the date of the order appointing him.'?"
The county judge's court has furnished us with a complete statement of facts, an abstract of which follows.
Anna L. Aron, the wife of David Aron, was on the petition of her husband, adjudicated to be mentally incompetent by an order of the County Judge's Court of Dade County, Florida, dated April 19, 1954. She was committed to G. Pierce Wood Memorial Hospital, at Arcadia, Florida, and has remained in said hospital since June 12, 1954. Her disabilities have never been removed. Between April 19, 1954 and August 15, 1958, no guardian was appointed for the person or for the property of said incompetent.
Her husband, David Aron, died testate on December 3, 1956, leaving surviving him his said wife and two daughters.
On the petition of Dolores Bendiner, a daughter, the last will of David Aron dated August 1, 1956, was admitted to probate and record on April 15, 1957. Dolores Bendiner was appointed as executrix of said will and letters testamentary were issued to her on April 15, 1957. Said will devised and bequeathed all of David Aron's property in equal shares to his daughters (Dolores Bendiner and Marjorie Lois Aron) and his wife Anna L. Aron, and directed "that upon the death of my said wife the corpus of her share of my estate will revert and be divided among my children."
The sworn inventory of Dolores Bendiner, filed in said probate cause on August 7, 1957, showed that David Aron, at the time of his death, owned stocks, a checking account, an interest in a federal savings and loan association, cash money, a Plymouth automobile and personal effects valued at approximately $56,996.76.
The notice of said executrix to creditors to file their claims was first published on April 16, 1957.
Grady C. Harris was appointed as guardian of the property of Anna L. Aron, Incompetent, by an order of the County Judge's Court of Dade County, Florida, dated August 15, 1958. Letters of guardianship were issued to him on August 21, 1958.
On August 22, 1958, Anna L. Aron, incompetent, acting by Grady C. Harris as guardian of her property, elected to take dower by a written instrument to that effect *548 which was verified and which was filed and recorded in said Probate Court on August 22, 1958.
Dolores Bendiner, as executrix of the last will of David Aron, deceased, objected to the allowance of said dower on the ground that said election was barred by section 731.35, Fla. Stat., F.S.A., in that it was not filed within nine months after the first publication of the notice to creditors.
As pointed out in Davies v. Davies, Fla.App. 1959, 113 So.2d 250, and the subsequent case of Clar v. Dade County, Fla.App. 1959, 116 So.2d 34, we will adhere to a strict interpretation of the rule for certification of questions to the appellate court. In our opinion the question certified here is within the purview of the rule.
The first certified question turns upon the proposition that dower of an incompetent widow is barred by the failure of the incompetent to file an election within the nine months provided by section 731.35, Fla. Stat., F.S.A. Although the origin of dower is very ancient, and existed at common law, the right referred to as dower in Florida springs wholly from the statutory law. Hill v. Morris, Fla. 1956, 85 So.2d 847. At common law the widow's dower consisted of a life estate, for the term of her natural life, in one-third of all the lands of which her husband was seized in fee simple or in fee tail during the coverture by a title such as might pass by inheritance to the children of the marriage. 1 Redfearn, Wills and Administration of Estates in Florida § 244 (3rd ed. 1957); 17 Am.Jur., Dower § 2. At present the Florida Probate Law provides that the widow may elect to take dower, which dower shall be one-third part in fee simple of the real property which her husband owned at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower, and one-third part absolutely of the personal property owned by her husband at the time of his death.[1] This right to a dower interest as created by the Florida Statutes does not come into being by the terms of the statute unless the widow elects to take the interest by an instrument in writing in accordance with § 731.35, Fla. Stat., F.S.A This same statute provides that such election must be filed in the office of the county judge in whose court the estate of the deceased husband is being administered, within nine months after the first publication of the notice to creditors.
In the case of Edwards by Harris v Edwards, Fla. 1958, 106 So.2d 558, the Supreme Court of Florida dealt with the problem of whether the guardian of a widow has virtually the same power to elect dower for the widow, as the latter would have possessed, if sane. The opinion stated that prior to the enactment of what is now § 731.35(3), Fla. Stat., F.S.A. only a court of equity had the power to elect to renounce the provisions of a will for an incompetent widow. The opinion further points out that the statute authorizing a guardian to file an election to take dower provides only that the guardian may initiate the action to take dower in the county judge's court rather than having the election made for the widow by the equity court; the county judge's court, now having the same power previously held by a court of equity, grants or denies the election in its discretion. These cases are consistent with the view that dower exists in Florida only by statute and that the establishment of the right of dower can only be created by the methods provided by the legislature.
It may be unfortunate that the legislature made no provision for the election to take dower after the expiration of a nine months period, by a guardian of a widow.[2] Since dower exists only by statute, and the terms of the statute have not been complied with, the widow's right to dower is *549 barred.[3] We therefore conclude that the first question must be answered in the affirmative.
The county judge's court suggests that if the answer to the first question is in the affirmative we should next consider whether the limitation of time for filing election to take dower is tolled or stayed by reason of the insanity of the widow, so that a guardian appointed subsequent to the expiration of the time for election of dower, would be allowed to file an election under section 744.62, Fla. Stat., F.S.A., above quoted. We find that this question must be answered in the negative.
In the case of Carey v. Beyer, Fla. 1954, 75 So.2d 217, the Supreme Court of Florida had to decide whether or not the disability of insanity existing when a right of action for slander of title accrued and continuing for a period of time thereafter tolls the running of the statute of limitations. In that case the Court reached the conclusion that unless a statute of limitations contains a saving clause, relief from its provisions because of disability cannot be granted. This is found to be true because when the legislature refuses to write exceptions into a statute of limitations our courts will refuse to do so. See Dobbs v. Sea Isle Hotel, Fla. 1952, 56 So.2d 341. Therefore, even if we regarded the statute giving a nine month period for the election to take dower as a statute of limitations, we cannot create by judicial fiat a reason for tolling the statute.
The certificate is hereby granted, and the questions propounded by the county judge's court are answered as follows: First question is answered in the affirmative; second question is answered in the negative.
It is so ordered.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] Section 731.34, Fla. Stat., F.S.A.
[2] Section 731.35(1), Fla. Stat., F.S.A.
[3] Cf. Brooks v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. 749.