PER CURIAM.
There has been certified to this court by the Circuit Court of Dade County, Florida, for determination, pursuant to Rule 4.6, Florida Appellate Rules, 31 F.S.A., the following question:
“May Dade County, a political subdivision of the State of Florida, be sued in tort for alleged negligence in maintaining one of its rights-óf-way pursuant to Section 8.03 of its Charter, which, inter alia, provides:
“ ‘Tort Liability. The county shall be liable in actions of tort to the same extent that municipalities in the State of Florida are liable in actions in tort.’,
in spite of Section 22, Article III of the Florida Constitution, which states:
“ ‘Suits against state. — Provision may be made by general law for bringing suit against the State as to all lia *64 bilities now existing or hereafter originating.’,
if the County does not carry insurance covering such alleged liability and its immunity has not been waived by a general act of the Florida legislature.”
The circuit court has the power to adjudicate the question, the decision upon which may be reviewed by direct appeal to the Supreme Court of Florida as a matter of right under Section 4(2) of Article V of the Constitution of Florida, F.S.A. See Chapman v. Slaff, Fla.App.19S8, 101 So.2d 413, and City of Hollywood v. Peck, Fla. 1952, 57 So.2d 842. Therefore, we decline to answer the question as being one that is not within the rule enunciated in Schwob Co. of Fla. v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782, and similar cases.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.