## MARGOLIS v. MARGOLIS.
No. 60 C 3072.

Circuit Court, Dade County.

April 7, 1961.

Pallot, Silver, Pallot, Stern & Mulloy, Miami, for petitioner.

Leonard G. Egert, Miami, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

Muriel Margolis filed in this court what is designated as a "Petition to Supersede Support Provisions of Foreign Decree". It was filed on March 31, 1960, and alleged that the plaintiff was a resident of Florida and that by a decree of divorce dated May 9, 1955 and entered by a court of competent jurisdiction in Allentown, Pennsylvania, she was divorced from the defendant. It averred that "pursuant to said decree of divorce, a separation

agreement dated January 7, 1955 was incorporated therein and made a part thereof," that under the terms of the decree and separation agreement, she received custody of the two minor children of the marriage and that the agreement required the defendant to pay the plaintiff the sum of $75 per week for a period of five years commencing March 31, 1955 for the support of the children, and that the decree and agreement further provided that after the five year period, which expired on March 31, 1960, the weekly child support payments should be reduced to $50 per week.

The petitioner charged that she was without funds other than a small savings account obtained from the sale of the family home, and her present take-home pay of $44 per week, and was completely dependent upon the $75 a week for the support of the children, and that as a result of the many expenses involved in raising the children she had been unable to manage on her salary and weekly child support and had been required to deplete her savings account and call upon her parents for contributions to meet her needs and the needs of the children.

The defendant's financial situation on the other hand was said to have been considerably improved since the execution of the agreement and the rendition of the final decree and he was far more able to support the children today than he was five years ago, and that it was well within his present financial means and ability, not only to continue paying the $75 a week which he had paid for the past five years, but to increase it to a greater sum.

The defendant took the position that the decree of divorce did not contain any provisions as to custody and did not incorporate therein any provisions or any agreement requiring him to pay the support money and that the only agreement between the parties was contained in the separation agreement dated January 7, 1955, whereby he agreed to establish a trust, and that the plaintiff waived all rights to change, modify and increase the payments provided therein, and in the absence of any allegations of fraud and the like, there was no basis for the revision or modification of the agreement between the parties.

By an amended petition, the plaintiff alleged that on January 7, 1955 in contemplation of divorce, but not contingent upon the obtaining of the divorce, the parties entered into a separation agreement, and that a court of competent jurisdiction, by its decree, divorced them and that under the terms of the separation agreement the defendant was to pay the plaintiff $75 a week for a period of five years commencing March 31, 1955, for the support of the children, and that after such five year period the

weekly child support was to be reduced to $50. She again alleged that she was without other funds and that she was completely dependent upon the $75 a week; that the defendant's financial circumstances had considerably improved and that he was well able to continue paying the $75 and an even greater sum. She prayed that the court enter a decree superseding so much of the decree of divorce and separation agreement, as provides for the reduction of the child support, with an apppropriate increase of same, commensurate with the defendant's changed circumstances and financial ability to support the children; in addition that he be required to pay reasonable attorneys' fees and court costs.

The defendant answered denying the material allegations of the amended petition and alleged that the separation agreement was not contained in the decree of divorce, and that there were no provisions in the divorce decree to be superseded. He said that the court was without power to modify the agreement, because he was a non-resident of Florida.

The case gave the court some trouble as to whether or not it had the power to modify the provisions of the separation agreement, in view of the defendant's non-residence, whether or not it was contained in the foreign decree of divorce.

The defendant took the position that the decree of divorce made no reference to the separation agreement nor was it in any way incorporated into it but this, in the court's opinion, weakened the defendant's position rather than strengthened it. The court certified the question to the District Court of Appeal of Florida for the Third District, but that court declined to answer it saying— "Having considered the question, we are of the opinion that it does not come within the purview of Florida Appellate Rule 4.6, in that the question does not appear to be without controlling precedent. Therefore the certificate must be denied", citing Schwob Co. of Florida v. Florida Industrial Commission, 152 Fla. 203, 11 So. 2d 782.

That case simply held that the question of law presented by a petition seeking a review of an order of the Industrial Commission denying application for redetermination of the rate of contribution under the statute was not a question which could be certified to the Supreme Court for adjudication under its rule.

Without intending any criticism of the court of appeal, it would seem that in denying the certificate on the ground that the question was not without controlling precedent, the "controlling precedent" might have been cited. Courts are established for the administration of justice and the rules are designed to accomplish

that end. Of course, that object might have been secured in this case by simply granting the motion to dismiss and putting the burden on the petitioner of appealing, but it would seem that the simple way to do this was to certify the question. If the appellate court simply denies the certificate without citing what it conceives to be the "controlling precedent" the end sought will not have been attained.

If the court meant that the controlling precedent was Lopez v. Avery, 66 So. 2d 689, it did not say so. Frankly, that case was not brought to the court's attention. If counsel discovered it, they concealed it and the court did not find it on its own research.

It may be assumed, however, that that is the controlling precedent to which the court of appeal referred in its denial of the question certified, so it will be assumed that the Florida courts have jurisdiction to modify the separation agreement whether or not it was appproved by the Pennsylvania court in the decree of divorce between these parties.

There can be no well-founded doubt that an agreement between husband and wife, father and mother, made in January 1955 for the custody and support of two little girls age 10 and 5, whose custody was given to the wife, requiring the husband and father to pay $75 a week for their support for five years, commencing March 31, 1955, is wholly insufficient to take care of them in this year of Our Lord 1961 when they are 16 and 11. Not only did the plaintiff testify without equivocation that the sum fixed by the agreement was wholly insufficient, but the court can almost take judicial knowledge of the fact that it was. The cost of supporting the two girls at the ages of 15 and 10, which they had attained when the petition was filed, has not only increased by reason of their attaining more advanced years, but the cost of support would be greater even at their ages when the agreement was made. The girls are older and the cost of living has gone up. Two factors support the prayer of the plaintiff.

The defendant protests his inability to increase his contribution to his childrens' support and with some reason. His financial position does not seem to have been greatly improved. The fact is that he has taken on the care of another wife and her 19 year old son, who may or may not be the object of his beneficence.

The court feels that the defendant's support of the two girls ought to be increased to $100 a week, commencing as of this date; with the additional provision that the defendant pay to the plaintiff in cash, a lump sum of money computed at the rate of $25 a week from the expiration date of the original contract to pay $75

until this date. Stated differently, the defendant shall pay the plantiff a lump sum of $25 a week additional from January 7, 1960 (the expiration date of the 5-year period provided in the separation agreement) until the date of the decree and that henceforth and until further order of the court, he will pay $100 a week.

The court has no authority to allow the plaintiff counsel fees under section 65.15, Florida Statutes. Graves v. Graves, 115 So. 2d 451.