149 So.2d 33 (1963)
Sigmund T. JAWORSKI, Plaintiff,
v.
The CITY OF OPA-LOCKA, Florida, a municipal corporation, Defendant.
No. 32174.
Supreme Court of Florida.
January 23, 1963.
*34 Frates & Fay, Miami, for petitioner.
Albert L. Weintraub and A. Jay Cristol, Miami, for defendant.
THORNAL, Justice.
We have for consideration a certified question submitted by a circuit judge.
We must determine whether the question is answerable by this Court.
Jaworski instituted an action for damages against the City of Opa-Locka. The suit is pending in the Circuit Court of Dade County. The plaintiff seeks damages for injuries allegedly resulting from the use of excessive force by a police officer of the City. Pending his consideration of the cause, the Circuit Judge has certified to us, and, requested an answer, to the following question:
Is a municipality liable for the alleged acts of its police officers in committing an assault and battery on the plaintiff after the plaintiff had been arrested for the commission of a misdemeanor, without warrant, when the acts constituting the misdemeanor were not committed in the presence of the arresting officer?
For reasons hereafter indicated we must decline to answer the question.
The certificate of the trial judge states that it is submitted pursuant to Section 59.42, Florida Statutes, F.S.A. On July 1, 1957, the cited statute was superseded by Rule 4.6, Florida Appellate Rules, 31 F.S.A. The rule was adopted by this Court pursuant to Article V, Section 3, Florida Constitution, F.S.A. It, therefore, superseded any legislative enactment governing practice and procedure to the extent that the statute and the rule may be inconsistent. The practice and procedure for certifying questions to this Court and the District Courts of Appeal are now governed by Rule 4.6, Florida Appellate Rules.
Rule 4.6, subd. a, is as follows:
"When Certified. When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this state and that instruction from the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction."
The rule authorizes "a judge of the lower court" to certify a question or proposition of law "to the Court for instruction." It must be conceded that the rule is not entirely clear regarding the Appellate Court to which a Circuit Judge should address the certificate. However, Rule 1.3, Florida Appellate Rules, defines a "lower court" to mean "the court * * * whose decision, judgment, decree or order is being reviewed or whose act is in question." The word "Court" as used in the Appellate Rules, means the Supreme Court, the District Courts of Appeal and the Circuit Courts in *35 the exercise of their appellate jurisdiction. Rule 1.3, supra.
The rule in question simply means that when a circuit court as a "lower court" seeks an answer to a certified question, the certificate should be addressed to the appellate court which would have jurisdiction to pass upon the question should it be presented in a regular appellate proceeding. Any contrary interpretation would make it possible to obtain from the Supreme Court a determination of a proposition which otherwise would fall within the jurisdiction of a District Court of Appeal. By this device the jurisdiction of the Courts of Appeal could be effectively circumvented. The Supreme Court would be endowed with authority to dispose of questions which it would have no jurisdiction to settle in a direct appellate proceeding.
Rule 4.6, supra, is the successor to former Appellate Rule 27. Its purpose and objectives are the same. Decisions construing former Rule 27 are applicable to present Rule 4.6 with reference to the types of questions which may be answered and the limitations regarding them. One of the purposes of the rule is to enable a circuit court to apply to the appropriate appellate court for instructions regarding questions of law which arise in the course of pending litigation and a decision upon which would be dispositive of the cause. Limitations on the type of questions are illustrated by our decisions in Schwob Company v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782, and, Gordon et al. v. Norris et al., Fla., 90 So.2d 914. Since the creation of the District Courts of Appeal, numerous questions have been certified to those courts for answer. Cf., Davies v. Davies, 113 So.2d 250; Clar v. Dade County, 116 So.2d 34; In re Aron's Estate, 118 So.2d 546; McGuckin et al. v. Dade County, 121 So.2d 63.
In McGuckin the District Court of Appeal declined to answer the certified question because it presented a proposition which required the construction of a controlling provision of the State Constitution. If decided by the circuit court, the proposition would have been subject to review by the Supreme Court on direct appeal. Similarly, in Schwob v. Florida Industrial Commission, supra, this Court declined a certificate from a circuit court involving the answer to a question which had been presented to the circuit court in the exercise of its appellate jurisdiction over the Florida Industrial Commission.
The sum of our position simply is that the question or proposition certified directly to this Court by a circuit court must be one which, if decided by the circuit court, would be reviewable on direct appeal from that court to this Court. An illustration of this type of question would be one which requires a decision on the validity of a state statute which would be finally dispositive of the litigation. Cf., State Road Department v. Forehand, Fla., 56 So.2d 901, which was submitted under earlier Rule 38. On the other hand, questions or propositions which, if decided by the circuit court, would be subject to review by a District Court of Appeal, should be certified to that court for answer.
When measured by the standard above announced the question submitted to us is obviously one which, if decided by the circuit court initially, would be applicable to the District Court of Appeal, Third District. It could not be reviewed by us on direct appeal from the circuit court. Nothing in the question suggests that it requires the determination of the validity of a statute or the construction of a controlling provision of the Constitution or the exercise of any other aspect of our jurisdiction to review by direct appeal decisions of circuit courts. Article V, Section 4, Florida Constitution.
Inasmuch as the certification of a question to an appellate court involves the invocation of that court's jurisdiction as an appellate court, as distinguished from its *36 original jurisdiction, we deem it appropriate to apply the provisions of Rule 2.1, subd. a (5) (d). This rule provides for the transfer of a cause to an appropriate court "[w]hen the jurisdiction of an appellate court has been improvidently invoked." We do not apply this rule when our original jurisdiction is improvidently invoked. State ex rel. Peterson v. Weissing, Fla., 100 So.2d 373.
For the reason stated an answer to the certified question is denied. However, all papers in the matters shall, five days after the filing of this opinion, be transferred to the District Court of Appeal, Third District for such disposition as that court may deem appropriate.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS and DREW, JJ., concur.