PER CURIAM.
Defendant below, Richard D. Gardner, was charged with a crime against nature, in case #63-1776; hereinafter called the first case. He entered a plea of guilty to the charge and on September 12, 1963, the trial judge found him guilty, suspended sentence, placed him on probation in the custody of a probation officer for a term of five years and set the terms of his probation.
He was thereafter charged, in case #66-4324, hereinafter called the second case, *101 with a crime against nature and a non-jury trial was held on April 27, 1967. He was found guilty of this charge but a mistrial was granted when it was determined that the defendant had failed to waive trial by jury. The trial court thereupon vacated and set aside the judgment and sentence in the second case. At this trial it was stipulated and agreed by counsel for the parties that they would submit the issue of an alleged violation of probation in the first case to the court upon the testimony adduced on that day. The court on April 27, 1967, revoked the probation of the defendant, Gardner, in the first case and sentenced him for a term of five years in the state penitentiary.
On May 2, 1967, the defendant filed his motion requesting commitment to the South Florida Mental Hospital for evaluation in order to determine the exact nature of his illness and what steps should be taken to cure him of this illness. The trial judge on that date vacated the sentence of April 27, 1967 and ordered the defendant committed for psychiatric evaluation.
On June 19, 1967, the trial court, acting on the motion of the defendant, entered an order staying the commitment of the defendant to the South Florida State Hospital and released him in the custody of his brother in order that he might be placed in a nursing home and remain there until further order of the court.
On November 16, 1967, the trial court heard testimony including that of the defendant, on his petition to be placed on probation and the court revoked the order of June 19, 1967 and remanded the defendant to the custody of the Sheriff.
On November 21, 1967, defendant presented a petition for “reinstatement and modifications of probation” which the trial court denied and thereupon entered its order confining him in the state penitentiary for a period of five years. The defendant has appealed therefrom. See Fla.Stat. § 924.09, F.S.A.
He claims that the trial court erred in denying a full evidentiary hearing on the matter of probation.
There was a stipulation between the defendant and the state to submit the issue of the alleged violation of probation of the first case to the court upon the testimony produced in the second case.
On November 16, 1967, when the trial judge revoked the custody order of June 19, 1967, and denied the defendant’s petition to be placed on probation, the minutes of the trial court reflect that the defendant and two other persons testified before the court.
We, therefore, find his claim for reversal is without merit. See McNeely v. State of Florida, Fla.App.1966, 186 So.2d 520; Roberts v. State of Florida, Fla.App.1963, 154 So.2d 695; and Fla.Stat. § 948.06, F.S.A.
We considered appellant’s last point for reversal and find it to be without merit. See Helton v. State of Florida, Fla. 1958, 106 So.2d 79.
Affirmed.