PER CURIAM.
In 1965, the appellant pleaded guilty to several informations in the Criminal Court of Record in and for Dade County, Florida, and was placed on five years’ probation. In 1967, he was informed against for breaking and entering and possession of burglary tools. When this subsequent information came on for trial, it was stipulated by private counsel for the appellant that the violation of probation could be heard at the same time as the trial. At the conclusion of the matter, which was tried non-jury, the trial judge acquitted the appellant *443 of the 1967 charges but revoked his probation, which had been entered as a result of the guilty pleas on the 1965 charges. The appellant appeals and urges, as grounds for reversal, that (1) the parole violation could not have been heard without a warrant having been issued by a magistrate; (2) the trial judge abused his discretion in revoking the parole.
 As to the first ground, there is no mandatory requirement that a warrant be issued by a magistrate. It is sufficient if the alleged parole violation comes to the attention of the court and that the defendant was given due notice of the alleged violation and an opportunity to be heard. Brill v. State, 159 Fla. 682, 32 So.2d 607; State ex rel. Roberts v. Cochran, Fla.1962, 140 So.2d 597; McNeely v. State, Fla. App.1966, 186 So.2d 520. See: Gardner v. State, Fla.App.1969, 219 So.2d 100 (1969).
The appellant also contends that the trial judge abused his discretion in revoking his probation because he found him not guilty of the 1967 crime as charged. It is not incumbent upon a trial judge, upon a hearing for parole violation which had originally been entered as a result of a guilty plea, to find that the appellant had violated the terms of his parole with the same exactness as required for original conviction. Brill v. State, supra; State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631; State v. Cochran, supra; Roberts v. State, Fla.App.1963, 154 So.2d 695; McNeely v. State, supra.
Examining this record in light of the principles enunciated in the above authorities, we fail to find that the trial judge abused his discretion in revoking the appellant’s parole, when the record reveals that the appellant was apprehended at 1:00 o’clock in the morning in an alley behind a store which had been broken into, and that the appellant was hiding behind a barrel with burglary tools on the ground between his hiding place and the back door of the burglarized premises. It is apparent that the trial judge directed a verdict for the defendant because the State failed to prove the ownership of the premises burglarized.
Therefore, for the reasons above stated, the order here under review be and the same is hereby affirmed.
Affirmed.