BOYD, Justice.
The Honorable Robert S. Appleton, Judge of the Criminal Court of Record, Monroe County, has certified a question to this Court as provided under Rule 4.6, Florida Appellate Rules, 32 F.S.A.
The statement of facts supporting the certification is that an information was filed against defendant, Hubert E. Potter, for shrimping in a prohibited area of the salt waters of Monroe County in violation of § 370.151(3) (d), Florida Statutes, F.S.A.; that defendant pleaded not guilty and moved to dismiss the information on the grounds that the alleged offense occurred at a point beyond the boundaries of the State of Florida and Monroe County. The cause proceeded to a jury trial. The State attempted to establish venue of the crime and requested the Court to determine the boundaries of the State. The jury was excused, argument heard and the Court denied the motion to dismiss, ruling as follows:
“ * * * [I]n accordance with the Florida Constitution of 1868 reference the boundaries of the State of Florida and the Florida Constitution of 1968 which further delineated the said boundaries in the area in question, the boundaries of the State of Florida were along a line ‘ * * * three geographic miles from the Atlantic coastline and three leagues distant from the Gulf of Mexico coastline, whichever is greater, to and through the Straits of Florida and westerly, including the Florida reefs, to a point due south of and three leagues from the southernmost point of the Marquesa Keys; thence westerly along a straight line to a point due south of the Dry Tortugas Islands; thence westerly, northerly and easterly along the arc of a curve three leagues distant from Loggerhead Key to a point north of Loggerhead Key; thence northeast (045 degrees True) along a straight line to a point three leagues from the coastline of Florida; * * * ’. This means that the area in question (see Florida Statute 370.151(3) (d)) is within the venue of the lower court since, by definition, that part of Florida south of Dade and Collier Counties is Monroe County.” (e. s.)
Defense counsel objected to the above ruling. Both sides requested the question be certified. The trial court then certified the following question for our determination:
“What is the boundary of the State of Florida around the Islands of Dry Tor-tugas, and the boundary from Dry Tor-tugas to the mainland of Florida?”
The question certified has already been ruled on by the trial court. This ruling is properly reviewable on appeal.
*293 Rule 4.6, Florida Appellate Rules, is not a substitute for appeal.[1] This Court has held that questions already ruled on below cannot be certified here.[2] We have also held that Rule 4.6 must be strictly construed in order to avoid encroachment on the full and proper exercise of jurisdiction by the trial judges.[3]
We are therefore, compelled to deny the certificate.
ERVIN, C. J., and ROBERTS, DREW, CARLTON and ADKINS, JJ., concur.

. Prigger v. Kingery, 144 So.2d 323 (Fla. App.3rd 1962).

. Waite v. Wilson, 54 So.2d 152, 153 (Fla. 1951); Hunter v. Flowers, 38 So.2d 438 (Fla.1949).

. Newcomb v. Roarty, 93 So.2d 373 (Fla. 1957); Stark v. Malcom, 38 So.2d 469 (Fla.1949).