232 So.2d 169 (1970)
William Napoleon BOYER, Appellant,
v.
CITY OF ORLANDO, Appellee.
No. 38660.
Supreme Court of Florida.
February 25, 1970.
James M. Russ and Jerome J. Bornstein, Orlando, for appellant.
Joseph X. DuMond, Jr., Orlando, for appellee.
Thomas A. Goldsmith, DeLand, Alfred Feinberg, Miami and Bruce S. Rogow, Miami, amicus curiae.
DREW, Justice.
The defendant was arrested and charged under Sections 43.09 and 43.52 of the Code of the City of Orlando with disorderly conduct and resisting a police officer. He was arraigned on both charges before the Municipal Judge of Orlando. The Judge did not inquire into defendant's financial ability to employ an attorney or whether or not defendant desired to be represented by counsel. Appointed counsel was not offered by the Court, and defendant did not request that he be furnished legal representation. *170 He was not represented at any stage of the municipal court proceedings.
On the day of his arraignment, defendant pleaded "not guilty" to both charges, was immediately tried, found guilty on both charges, and sentenced to a term of 60 days or a fine of $120 on each charge, the prison sentences to be served consecutively. It is conceded that the defendant was indigent at the time of his arrest and at every stage thereafter.
Following his conviction and sentence in the municipal court, the defendant petitioned for a Writ of Habeas Corpus in the United States District Court, Middle District of Florida. The denial of this petition was appealed to the United States Court of Appeals for the Fifth Circuit.[1] The Court of Appeals in an opinion by Chief Judge John R. Brown, vacated the district court's judgment in the following manner.[2]
`We find that there is such doubt that Boyer has exhausted his available State remedies and therefore deny the petition for expedited appeal, vacate the judgment of the District Court, remand the case with directions to release Boyer on bail pending initial determination of the issues by Florida courts."
The defendant subsequently appealed his conviction to the Circuit Court for Orange County, Florida, contending that his conviction was invalid because he was neither advised of his right to nor furnished an attorney during the municipal court proceedings. The circuit court rejected defendant's argument, and in its Final Judgment on Appeal held as follows:
"This Court finds that this defendant, charged under the City Code of Orlando for disorderly conduct and resisting arrest, was legally convicted of those offenses notwithstanding the fact that he was not advised of right to counsel and did not have one appointed to represent him.
"The judgments of conviction and the sentences imposed are affirmed."
The defendant then filed in the circuit court a "Petition for Rehearing and Motion to Certify Question," requesting that the circuit court certify the right to counsel issue to this Court under Florida Appellate Rule 4.6, 32 F.S.A. and dispose of the Petition for Rehearing after this Court's determination of the certified question. The defendant's motion was granted, and the following question was certified to this Court:
"Does [sic] the Sixth and Fourteenth Amendments to the Constitution of the United States guarantee that a person charged with the commission of a misdemeanor in a municipal court is entitled to be advised of his right to counsel and that counsel will be appointed for him if he can not afford a lawyer."
The proposition of law actually before us concerns violation of a municipal ordinance, an offense distinguishable from commission of a misdemeanor, as erroneously indicated by the wording of the certified question.
Florida Appellate Rule 4.6(a) reads as follows:

"When Certified. When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this state and that instruction from the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction."
We have held that a proposition of law certified directly to this Court by a circuit court must be one which, if decided by the circuit court, would be reviewable on direct *171 appeal to this Court.[3] Article V, Section 4 of the Florida Constitution, F.S.A. provides in part that "appeals from trial courts may be taken directly to the supreme court, as a matter of right * * * from final judgments or decrees * * * construing a controlling provision of the Florida or federal constitution * * *" [emphasis added]. In City of Fort Lauderdale v. King,[4] we recently held that for purposes of direct appeal to this Court, a circuit court reviewing a municipal court decision is regarded as a "trial court" when passing initially upon the validity of a statute or when construing a controlling provision of the Florida or federal constitution. Defendant's right to court-appointed counsel under the Sixth and Fourteenth Amendments to the United States Constitution was first raised in the circuit court. The question before the circuit court required an initial construction of these amendments. Because it is reviewable on direct appeal to this Court in accordance with Article V, Section 4, of the Florida Constitution and City of Fort Lauderdale case, supra, such a question could normally qualify for certification to this Court.
However, we are confronted with essentially the same situation we faced in the recent case of State v. Potter.[5] In Potter, during progress of a jury trial, the trial court denied a Motion to Dismiss, and in so doing expressly ruled upon a determinative question of venue. At the request of both parties, the trial court certified to this Court the crucial venue question. We were compelled to deny the certificate because the question certified had already been answered by the trial court in its ruling during the trial. The ruling was properly reviewable by appeal rather than certification.
In the cause before us the able circuit judge, practically speaking, has requested that we advise him whether he has ruled correctly in the Final Judgment on Appeal. Such a determination can be undertaken only by following appropriate appellate review procedures. As we reiterated in State v. Potter, supra, Florida Appellate Rule 4.6 is not a substitute for appeal, and questions already ruled upon below cannot be certified here.[6]
Failure of this Court to vigilantly adhere to procedural precedent, particularly in the employment of the type of rule here in issue, threatens erosion of the exercise of the lower courts' jurisdiction and power and leads to uncertainty and eventual breakdown in our orderly review machinery. Speaking analogously, we cannot ignore the rules of the contest and continue to play the game.
In view of the disposition of the cause, we have not reached the merits, or considered the effect or relevancy of federal decisions dealing with the right to counsel issue.[7]
Any effort on our part to answer the certified question at this stage of the proceedings would be an inappropriate interference with the power and appellate jurisdiction *172 of the circuit court. Despite our desire to be of assistance in the expeditious disposition of the question, for the reasons discussed herein we find it necessary to deny consideration of the certified question.
Certificate denied.
ROBERTS, CARLTON and ADKINS, JJ., concur.
ERVIN, C.J., concurs specially with opinion.
ERVIN, C.J., concurring specially:
I concur in the conclusion only on the basis of our decision in State v. Potter, supra. If an appeal is lodged we can reach the merits. The decision here is procedural only.
NOTES
[1] Boyer v. City of Orlando, 402 F.2d 966 (5th Cir.1968).
[2] Id. at 967.
[3] Jaworski v. City of Opa-Locka, 149 So.2d 33 (Fla. 1963).
[4] 222 So.2d 6 (Fla. 1969).
[5] 224 So.2d 291 (Fla. 1969).
[6] Waite v. Wilson, 54 So.2d 152 (Fla. 1951). Note that implicit in the express holding of Jaworski v. City of Opa-Locka, 149 So.2d 33, 35 (Fla. 1963), is the caveat that the proposition must not have been resolved prior to its appearance here: "[T]he question or proposition certified directly to this Court by a circuit court must be one which, if decided by the circuit court, would be reviewable on direct appeal from that court to this Court" [emphasis added].
[7] E.g., Bramlett et al. v. Peterson et al., 307 F. Supp. 1311, United States District Court, Middle District of Florida, Jacksonville Division, wherein the district court in a preliminary injunction, held that absent voluntary waiver, "accused indigent misdemeanants were constitutionally entitled to court-appointed counsel without cost or obligation to them in trials before Volusia County Justice of the Peace Courts" [emphasis added].