295 So.2d 296 (1974)
James E. DEES, Petitioner,
v.
STATE of Florida, Respondent.
No. 44315.
Supreme Court of Florida.
May 22, 1974.
Richard A. Krause, Ormond Beach, for petitioner.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for respondent.
BOYD, Justice.
We have for consideration a question from the Seventh Judicial Circuit in and for Volusia County relating to constitutionality of Section 947.23, Florida Statutes, as it is incorporated in Sections 949.10, 949.11 and 949.12, Florida Statutes, in light of the holding of the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). At petitioner's habeas corpus hearing, the trial court found that the question presented herein was determinative of this cause and was without controlling precedent in this state, whereupon it withheld its decision certifying the issue to this Court. We have jurisdiction to answer the certified question pursuant to Rule 4.6, Florida Appellate Rules, 32 F.S.A., 1962 Revision. Jaworski v. City of Opa-Locka, 149 So.2d 33 (Fla. 1963); Boyer v. City of Orlando, 232 So.2d 169 (Fla. 1970).
The question presented by the trial in its Certificate of Great Public Interest is as follows:
"Is Section 947.23 F.S.A. unconstitutional in that the parole revocation proceedings provided for therein does not provide for the minimum due process requirements of the fifth and fourteenth amendments to the Constitution of the United States and as is more particularly set forth in the United States Supreme Court decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, 1972?"
Initially, we observe that long before the decisions of Morrissey, supra, and Gagnon *297 v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), this Court recognized that due process required that a hearing must be accorded to a person charged before parole could be revoked. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947). Additionally, we point out that in Morrissey, supra, the Supreme Court recognized that in Section 947.23(1), Florida Statutes, Florida had provided for a hearing in parole revocation cases (see footnote 15, Morrissey, 33 L.Ed.2d 484 at 498).
Comparing the standard of due process specified in Morrissey, supra, with that established for parole revocations, in our state statute, we find: (1) in Morrissey there is required an "opportunity to be heard in person and to present witnesses and documentary evidence" as well as the "right to confront and cross-examine adverse witnesses" before "a `neutral ...' hearing body, such as a ... parole board"; § 947.23, Florida Statutes, specifically provides that a person charged with parole violation shall appear personally before the Parole Commission at a hearing at which both the parolee and the state may introduce such evidence as is necessary; implicit therein is the provision that after the evidence is introduced the parolee may confront and cross-examine the state's witnesses; (2) in Morrissey, supra, a "written statement by the factfinders" is required, while in § 947.23, Florida Statutes, provision is made for the Commission to "make findings on such charge of parole violation"; and (3) in Morrissey, supra, it is required that the parolee receive "written notice of the claimed violations" and a "disclosure ... of the evidence against him"; although § 947.23, Florida Statutes, as implemented by Rule 23-2.09 of the Parole and Probation Commission, Florida Administrative Code, does not specify "written" notice and "disclosure of evidence," we find implicit in the remainder of the statute that "due notice" be given Ware v. State, 219 So.2d 442 (Fla.App.3d 1969). More specifically, in light of Morrissey, supra, we hold that, since June 29, 1972, the date on which Morrissey, supra, was rendered, "due notice"  as amplified and enlarged by that decision  requires written notice to the parolee of the alleged violations, including a disclosure of the evidence against him.
Accordingly, the certified question is answered negatively, and we hold Section 947.23, Florida Statutes, to be constitutional.
It is so ordered.
ADKINS, C.J., and McCAIN, DEKLE and OVERTON, JJ., concur.