PER CURIAM.
The Honorable Sam I. Silver, Judge of the Circuit Court in and for the Eleventh Judicial Circuit, Dade County, Florida, has certified a question to this court, as provided under Rule 4.6, Florida Appellate Rules.
In support of the certification, the trial court stated the following facts :
On January 4, 1975, a State agency filed a declaratory judgment action against the lessor, William Neckman, Trustee, seeking to declare certain leases between the parties invalid. On February 5, 1975, in a separate mortgage foreclosure action involving the subject property herein, the trial court therein appointed Joseph J. Ger-sten as Receiver pendente lite for purpose of preserving the mortgaged property.. On February 7, 1975, William Neckman, Trustee, was served with a declaratory judgment suit filed on January 4, 1975. On May 5, 1975, a final judgment after default was entered against William Neckman, Trustee, declaring the leases invalid. On May 6, 1975, after receiving notice, the Receiver moved to vacate the final judgment on the ground that he was a necessary party. After notice and hearing, the trial court granted the Receiver’s motion to vacate and set aside the final judgment based upon a finding that:

“1. That the motion to vacate corrected final judgment is well taken;
“2. That the receiver is a necessary party-defendant to the within cause; * * *”
* *» ^ ^ ^
Thereupon, the State agency requested the question be certified. The Trial court then certified the following question for our determination :

“ * * * is the Receiver pendente lite appointed on a mortgage foreclosure case by the attached Order a necessary party in a suit to invalidate a lease on the mortgaged premises with standing to open up a final order entered after default against the owner of the receivership property declaring invalid a lease on such property where:
1. The order appointing Receiver pen-dente lite states he takes subject to the action against the owner?
2. The action had been filed prior to the order of appointment but was not served until several days thereafter?”
* sjs * * * *
The question certified has already been ruled upon by the trial court and is properly reviewable on appeal. As so succinctly stated by Justice Boyd in State v. Potter, Fla.1969, 224 So.2d 291:
* * * * sfi *
“[2] Rule 4.6, Florida Appellate Rules, is not a substitute for appeal. * * * This court has held that questions already ruled on below cannot be certified here. * * * We have also held that Rule 4.6 must be strictly construed in order to avoid encroachment on the full and proper exercise of jurisdiction by the trial judges. * * *”
******
Therefore, on the authority of State v. Potter, supra; Prigger v. Kingery, Fla.App.1962, 144 So.2d 323; Johnson v. Southeast Title and Insurance Company, Fla.App.1963, 148 So.2d 67; Oakford v. Oakford, Fla.App.1963, 176 So.2d 563; Boyer v. City of Orlando, Fla.1970, 232 So.2d 169, we are compelled to deny the certificate.