**R. J. CANTWELL v. ST. PETERSBURG PORT AUTHORITY and CITY OF ST. PETERSBURG.**

21 So. (2nd) 139                                  January Term, 1945
March 2, 1945                                     En Banc

*James T. Smith,* for plaintiff.

*Lewis T. Wray,* and *Harry I. Young,* for City of St. Petersburg, and *Allen C. Grazier,* for St. Petersburg Port Authority, defendants.

TERRELL, J.:

R. J. Cantwell, as complainant, filed his bill of complaint in the circuit court to restrain the City of St. Petersburg and the St. Petersburg Port Authority, as defendants, from purchasing the ferry franchise and assets of Bee Line Ferry, Inc., a Florida corporation. The theory of the bill of complaint is that the ferry franchise is a nullity because the Act under which it was granted, Chapter 13884, Acts of 1929, Chapter 347.11 and 347.25, Florida Statutes, 1941, is a special or local law in violation of Section 20, Article III of the Constitution which provides that all laws for the "establishment of ferries" must be general.

A motion to dismiss the bill of complaint raises the sole question of whether or not Chapter 13884, Acts of 1929, is a local or special law. This question was certified to us under Rule 38 of the Rules of this Court.

In Schwob Co. of Florida v. Florida Industrial Commission, 152 Fla. 203, 11 So. (2nd) 782, we attempted to define the general scope of Rule 38. There are peculiar "facts" in this case which we do not deem necessary to relate that make the question appropriate under the rule and reveal that it will facilitate the disposition of the case.

In our view the question must be answered in the negative. An examination of the Act in question discloses that it authorizes the Railroad Commission to grant franchises to construct and maintain bridges, causeways, tunnels, toll highways and ferries over, under or across any bays, inlets, bayous, lagoons or sounds bordering on or connected with the Gulf of Mexico, other prerequisites outlined in the Act having been complied with. The title is not limited to those waters bordering on the Gulf of Mexico but comprehends all waters in the State of Florida. Other conditions are stated in the act; none of them appear pertinent to this discussion and are not considered. They are not assaulted and the regularity of the franchise·is not drawn in question.

It is quite true that the Gulf of Mexico does not touch all the counties of the State but it touches a great many of them and materially affects the people of the State in many counties that it does not actually touch. It may therefore be said

to affect directly or indirectly every citizen of the State. The Railroad Commission is a state agency and has construed the Act to be one of general import. The revisers included it in the general laws and it deals with a State agency. We think these factors are ample to classify the Act as one general in character; in fact, we do not see that it has a single attribute to recommend it as a local or special law.

A law does not have to be universal in application to be a general law. Laws relating to the location of the capital of the State, the State university, the State prison farm, the hospital for the insane and other State institutions are local in character but general in application and are regarded as general laws. The Act under consideration is easily within this class.

The certificate is granted and in response to the question certified we answer that Chapter 13884, Acts of 1929, is a general law. In application or perspective we do not see that it has the first attribute of a special law.

CHAPMAN, C. J., BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.

SEBRING, J., agrees to conclusion.


BROWN, J., concurring:

Certainly the Legislature has the power to grant and prescribe powers to a State agency, such as the Railroad Commission, so long as no constitutional provision is violated. The Legislature may have had good reasons for confining the exercise by the Commission of the powers here in question to bays, inlets, etc., along the Gulf coast. A glance at the map shows that there are marked geographical differences between the Gulf coast and the Atlantic coast of Florida. It appears to me that we are here dealing with a general law. See State v. Stoutamire, 131 Fla. 698, 179 So. 730, 16th head note.