DREW, Chief Justice.
This cause, according to the certificate presenting to this Court the single question of “whether Chapter 63-787, Laws of Florida, * * * is invalid and unconstitutional,” is pending in the trial court upon deferred ruling on defendants’ motions for more definite statement and to strike the complaint seeking injunctive relief.
The sole record reference to the issue certified is the statement, contained in a petition for intervention-filed by the Florida Public Utilities Commission and granted by the Court, that “On its face Chapter 63-787 appears to be open to attack as to its constitutionality.” The cited statute simply vests in counties with population exceeding 450,000 the exclusive authority to regulate ambulances. The gist of the complaint below is that the. defendants’ operations under certificate from the Commission should be enjoined for failure to comply with County regulations passed pursuant to Chapter 63-787.
The criteria upon which this Court has previously considered or rejected certified questions, as to statutory validity and otherwise; are that they shall be distinct questions of law which are without controlling precedent applicable to points in controversy, that they are such as will facilitate the disposition of the litigation and, at least with respect to questions of statutory validity, that the question is of great public concern. Schwob Co. v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782; Bigby v. Lykes Bros., Inc., 153 Fla. 313, 14 So.2d 565; Cantwell v. St. Petersburg Port Authority, 155 Fla. 651, 21 So.2d 139; State Road Dept. v. Forehand, Fla.1952, 56 So.2d 901; City of Hollywood v. Peck, Fla.1952, 57 So.2d 842.
The Court is in agreement that the instant question should be rejected on the ground last stated. We cannot agree that, in the sense used in the decisions, the question, involving, as it does, only a limited locality and a specified industry, is of great public concern. We believe, however, that use of the certification procedure *268 may be clarified by noting additional significant reasons for declining to answer such questions, implicit in our decisions as well as the long history of similar procedures elsewhere.[1] Primarily the question must not be one presenting a pure abstract issue. It must be one indispensable to the disposition of the litigation before the Court and, in those instances where the question certified raises constitutional issues, the record here must disclose such prerequisites for it is only when such issues have been properly raised by the parties and the case may be decided on no other theory, that the Court may properly answer such question. In this case the constitutionality of the statute has not been properly raised by any party to the litigation entitled to raise it. The only reference to the constitutional invalidity of the act is in the petition of the commission heretofore alluded to. In the commission’s brief the bald assertion is made “The Commission has never attacked the constitutionality of Ch. 63-787, Laws of Florida.” Obviously, therefore, this record affords no basis upon which we may properly answer the question. Such request is therefore denied.
It is so ordered.
ROBERTS, THORNAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.
THOMAS, J., agrees to conclusion.

. “Upon the reservation of constitutional questions, the appellate court will * * * determine whether such questions arise in the action and whether their determination is necessary to a disposition of the case. * * * State ex rel. Keefe v. Jones, 62 Wyo. 61, 161 P.2d 135.” 5 Am.Jur.2d 451, note 1. See also Ajootian v. Providence Redevelopment Agency, 80 R.I. 73, 91 A.2d 21; Taxpayers’ League of Carbon County v. McPherson, 49 Wyo. 251, 54 P.2d 897, 106 A.L.R. 767, as to the necessity for designation of a specific constitutional provision; and White v. Johnson, 282 U.S. 367, at p. 373, 51 S.Ct. 115, at p. 118, 75 L.Ed. 388, upon a certified question as to statutory validity: “This question * * * has another fatal defect. An answer would involve merely an examination of the Act and a determination whether on its face it violates the Fifth Amendment. Neither this Court nor the court below is authorized to answer academic questions.”