DADE COUNTY, et al v. PHILBRICK AMBULANCE SERVICE, Inc., et al.
No. 63-C-7041.
Circuit Court, Dade County.
March 28, 1966.

St. Julien P. Rosemond, Assistant County Attorney, for the plaintiff.

Darrey A. Davis, Miami, for the intervening plaintiff Dade County Funeral Directors Association.

Palmer A. Niles of Padgett, Teasley & Niles, Coral Gables, for the defendants.

Lewis W. Petteway, General Counsel, and Thomas F. Woods, Assistant Counsel, for the intervening defendant Florida Public Service Commission.

THOMAS E. LEE, Jr., Circuit Judge.

This cause came on regularly for final hearing. The court has reviewed and considered the pleadings, including defendants' statement to the court, the transcript of testimony and evidentiary exhibits presented by the parties at previous hearings, and the agreed statement of facts contained in the certificate certifying question to the Supreme Court of Florida. See Dade County v. Philbrick, 162 So. 2d 266 (Fla. 1964). It appears that the parties have no further testimony or evidence to present at final hearing.

This cause presents for determination the question of the constitutionality of chapter 63-787, Laws of Florida, and chapter 4 of the Code of Metropolitan Dade County.

Chapter 63-787 grants to the board of county commissioners in any county having a population of more than 450,000 the exclusive authority to regulate all ambulances operating within such county, providing that such authority shall not become effective until a certified copy of the regulations governing ambulances has been filed with the Florida Railroad & Public Utilities Commission (now the Florida Public Service Commission). The provisions of such legislative enactment are as follows —

> *Section 1.* The board of county commissioners in any county of the state having a population of more than four hundred fifty thousand (450,000), according to the latest official decennial census, shall have the exclusive authority to regulate all ambulances operating within any such county.

> *Section 2.* The board of county commissioners in any such county may regulate the operation of any ambulances in any such county provided, however, that the authority herein granted shall not become effective until a certified copy of the regulations has been filed with the Florida Railroad and Public Utilities Commission.

> *Section 3.* This act shall take effect immediately upon becoming a law.

The board of county commisioners of Dade County, by resolution no. 8754, fully complied with the provisions of chapter 63-787 by filing with the Florida Public Service Commission a duly certified copy of chapter 4 of the Code of Metropolitan Dade County.

Chapter 4 of the Code of Metropolitan Dade County regulates all private ambulances operated in Dade County. Such local legislation provides for the issuance of certificates of public convenience and necessity for the operation of ambulances, and for the issuance of a permit for each ambulance operated under a certificate of public convenience and necessity, pursuant to application and upon public hearing. It is further provided that it shall be unlawful for any person to operate ambulances in Dade County without first obtaining a certificate of public convenience and necessity and permits issued in accordance with such local legislation.

The defendants, W. L. Philbrick and Philbrick Ambulance Service, Inc., made application for a certificate of public convenience and necessity and permits to operate ambulances under and pursuant to the provisions of chapter 4 of the county code; and when the board of county commissioners, in the exercise of its legislative powers, upon public hearing, denied defendants' application, the defendants applied for and obtained from the Public Service Commission a "for hire permit" issued under the provisions of §323.05,

Florida Statutes. Pursuant to such permit, the defendants operated ambulances in Dade County.

When the defendants continued to operate ambulances in Dade County without complying with the provisions of chapter 4 of the county code, the county instituted this suit, charging the defendants with open, deliberate and continued violation of the law, and seeking a judicial declaration that the county's ambulance regulations constitute a valid exercise of power vested in the board of county commissioners under chapter 63-787, and praying for preliminary and permanent injunctive relief against the defendants.

The Public Service Commission intervened, and as intervening defendant has challenged the constitutionality of chapter 63-787, and chapter 4 of the Code of Metropolitan Dade County. The Dade County Funeral Directors Association intervened, and as an intervening plaintiff contends for the validity of such legislation.

On December 22, 1964, pursuant to hearing after due notice, the court entered a preliminary injunctive order herein finding and adjudicating that chapter 63-787 and chapter 4 of the county code, are clothed with a presumption of validity, enjoining and restraining the defendants from operating any ambulances anywhere within the territorial areas of Dade County until they shall have first obtained certificates of public convenience and necessity and permits in accordance with the provisions of chapter 4 of the code.

The validity of chapter 4 of the county code is dependent upon the constitutionality of chapter 63-787, Laws of Florida. The court finds that chapter 4 of the code constitutes valid and reasonable local legislation regulating and governing the operation of ambulances in Dade County, provided chapter 63-787 authorizing such local regulatory measure is determined to constitute a valid exercise of legislative power by the state legislature.

The contention is made that chapter 63-787 is unconstitutional because it infringes upon the provision of article VIII, section 11(7), Florida constitution, as follows —

> (7)   Nothing in this section shall be construed to limit or restrict the power and jurisdiction of the Railroad and Public Utilities Commission or of any other state agency, bureau or commission now or hereafter provided for in this Constitution or by general law and said state agencies, bureaus and commissions shall have the same powers in Dade County as shall be conferred upon them in regard to other counties.

In consideration of all the provisions of article VIII, section 11 of the constitution, the above quoted provision necessarily must be construed as constituting a limitation upon the powers of the board of county commissioners, and not intended as a limitation upon the powers of the state legislature. This is so, because the Public Service Commission is a creature of the legislature and has

only such powers as the legislature sees fit to grant to it. The legislature has plenary powers over the commission. As stated by the Supreme Court of Florida in Florida Tel. Corp. v. Carter, 70 So. 2d 508 (Fla. 1954) — "... The Florida Railroad and Public Utilities Commission is a creature of the statute and has only such powers as have been granted to it by the Legislature."

Therefore, it appears obvious that, in the absence of any constitutional inhibitions, the legislature from time to time may add to or subtract from the powers initially granted to the commission. The Supreme Court has held that the legislature may take from the commission the power to regulate motor vehicles for hire and grant such power to a municipality. State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. 859; City of St. Petersburg v. Carter, 30 So. 2d 804 (Fla. 1949).

Articles XVI, section 30 of the constitution constitutes ample authority for the legislature to empower a municipality to regulate those engaged in public service endeavors. Gainesville Gas & Electric Power Co. v. Gainesville, 63 Fla. 425, 58 So. 785. The constitutional provisions inhibiting special or local laws regulating the jurisdiction and duties of any class of officers except municipal have been held not to apply to an agency such as the Florida Public Service Commission. 27 Fla. Jur., Railroad Commission, §4, page 144; Jacksonville Gas Co. v. Jacksonville, 286 F. 404.

Under the provisions of article VIII, section 11(5) and (6), the legislature no longer has power and authority to enact legislation applicable only to Dade County, but the legislature is vested with full power and authority to enact any legislation applicable to Dade County and any other one or more counties. As stated in Chase v. Cowart, 102 So. 2d 147 (Fla. 1958) — "... When the electors of Dade County adopted the home rule charter on May 21, 1957, the authority of the legislature in affairs of local government in Dade County ceased to exist. Thereafter, the legislature may lawfully exercise this power only through passage of general acts applicable to Dade County and any other one or more counties . . ."

Thus, the limitation imposed upon the exercise of legislative powers by the legislature is the enactment of legislation involving affairs of local government in Dade County. The power to enact all legislation involving affairs of local government in Dade County is vested in the board of county commissioners of Dade County, as the legislative and governing body of Dade County, under article VIII, section 11, Florida constitution, and the home rule charter.

According to the 1960 official Florida state and federal census, chapter 63-787, by its terms, is applicable to Dade County and Duval County. Under the provisions of article VIII, section 11 of the constitution, the legislature is empowered to enact legislation

which shall relate to Dade County and any other one or more counties.

By virtue of the limitations imposed by the provisions of article VIII, section 11(7) of the constitution, the county commission cannot enact local legislation infringing upon the powers granted by the legislature to the Public Service Commission. See Dade County v. Mercury Radio Service, Inc., 134 So. 2d 791 (Fla. 1961).

It would create an anomalous situation indeed to construe the constitutional provisions to mean that neither the state legislature nor the board of county commissioners has legislative power to infringe upon the authority of the Public Service Commission to license ambulances on a state-wide basis. It is difficult to believe that it was the intent to create a void or hiatus in the full and complete exercise of legislative powers by either the legislature or the county commission.

The court finds that the equities of this cause are with the plaintiffs, and the defendants have failed to establish the issue raised concerning the invalidity and unconstitutionality of the legislation involved in this cause.

Accordingly, it is ordered, adjudged and decreed as follows —

(1) That chapter 63-787, Laws of Florida, and chapter 4 of the Code of Metropolitan Dade County, Florida, are valid and constitutional, and are binding upon the defendants, W. L. Philbrick and Philbrick Ambulance Service, Inc., and the intervening defendant, Florida Public Service Commission.

(2) The preliminary injunctive order entered herein on December 22, 1964, is hereby made permanent and made a part of this final decree by reference.