194 So.2d 601 (1967)
STATE of Florida, Appellant,
v.
Wylie WHITE, Appellee.
No. 35448.
Supreme Court of Florida.
February 1, 1967.
Earl Faircloth, Atty. Gen., and T.T. Turnbull, Asst. Atty. Gen., for appellant.
Walter R. Stedeford and Richard B. Austin, Jacksonville, for appellee.
*602 ERVIN, Justice.
This case comes to us by appeal from the Criminal Court of Record of Duval County, Florida, which court entered an order holding a Florida statute unconstitutional.
The material facts and circumstances involved are related as follows: On December 9, 1965 Wylie White was charged by information with unlawfully operating a motor vehicle on the public highways of the state of Florida and within Duval County in the transportation of property for compensation, to wit: transportation of automobile parts, without having obtained from the Florida Railroad and Public Utilities Commission of the State of Florida a certificate of public convenience and necessity or a permit to do so, contrary to the provisions of Section 323.02, Florida Statutes of 1951, F.S.A. This section provides that no motor carrier shall operate any motor vehicle for transportation of persons or property for compensation on any public highway in Florida without first having obtained from the Public Service Commission a certificate of public convenience and necessity. Prior to the 1963 Legislature, however, certain motor carriers of passengers and property for compensation were exempted by statute, viz., F.S. Section 323.29(1), F.S.A., from this requirement. The exemption referred to applied to operations in what was colloquially known as the "East Duval County Exempt Zone." The 1963 Legislature enacted Ch. 63-556, which amended Section 323.29(1) so as to eliminate this exemption from the Public Service Commission jurisdiction as to motor carriers of property for compensation. Thus, passengers but not property could be transported for profit in said geographic area without a certificate of public convenience and necessity. Appellee White was apprehended while transporting property, to wit: auto parts, in said area.
Chapter 63-556 reads in part as follows:
"* * * There shall be further exempted from the provisions of this chapter and from commission jurisdiction and control, persons operating motor vehicles for transportation of persons for compensation, but not motor vehicles for transportation of property for compensation, in that certain area of Duval county lying east of the range line dividing range 26 east and range 27 east." (§ 323.29(1))
Shortly after having been charged with said violation, Appellee White filed a motion to dismiss or to quash the information on the grounds that Ch. 63-556 is unconstitutional in that said statute failed to provide a grandfather clause; in that the same is discriminatory against carriers of property; and further in that it is a local bill passed under the guise of a general statute. The Appellee also presented in support of said motion the fact that the same trial court had decided in State v. Walker, Case No. 64-4498, on February 22, 1965 that Ch. 63-556 was unconstitutional. The order of the judge of the Criminal Court of Record of Duval County, dated May 16, 1966 granted White's motion to dismiss or quash the information against him on the basis that Ch. 63-556 is "clearly unconstitutional."
After having heard oral argument on the matter, studied the briefs of both parties and carefully analyzed the case in light of applicable law, we find that we do not agree with the determination of the learned trial judge that the statute here involved is unconstitutional. In view of the fact that the order below does not specify which of the grounds that he based his order upon, or whether he held it unconstitutional for all of said grounds, we will attempt to address discussion to each of the grounds cited by Appellee White
The first of the grounds cited is that no grandfather clause is provided in § 323.29(1). While it is true that in 1935 the Legislature provided or created the exemption under which White claimed his operation of a motor vehicle for compensation was legally permitted, it is nevertheless a fact, as mentioned hereinabove, that the *603 said 1963 enactment eliminated this exemption. It is in accord with well recognized law and principle that Appellee White did not receive by virtue of any law or circumstance an absolute vested right to continue the operation in question without limitation or the legal possibility of subsequent abrogation. Operations such as that conducted by the Appellee are clearly subject to regulation under the general police power of the state. In the instant situation we hold that the absence of a grandfather clause does not render unconstitutional the statute in question.
The record does not reflect a situation from which the courts may relieve Appellee because of hardship or oppression or injustice or unfairness. The statute in question repealed the exemption theretofore granted carriers of property for compensation in the exempt zone. It is clear and unambiguous. Because it repealed the exemption without a "grandfather" provision or other saving clause it had the effect of eliminating outright the previously granted privilege to operate motor vehicles for transportation of property for compensation. See 50 Am. Jur. § 376, Rules Ignoring Hardship or Oppression, pp. 384 and 385.
The second ground stated is that the statute is discriminatory against carriers of property. Appellee contends that by allowing certain exemptions for carriers of persons and not making the same exemptions available to carriers of property, the Legislature has created a situation which is violative of the equal protection of law. Our examination of Ch. 63-556 and consideration of its effect upon the operations to which it is directed failed to reveal an arbitrary classification. To be sure, a classification has been made by which carriers of property for compensation are "treated differently" than carriers of persons for compensation. But, this in and of itself does not constitute a deprivation of equal protection of the law. It is elementary that carriers may be classified with respect to the subject of carriage, "as (a) carriers of property and (b) carriers of passengers." See 9 Am.Jur. § 2, Kinds and Classes of Carriers, p. 429.
We quote the following from 6 Fla.Jur., Constitutional Law, § 303, p. 529.
"A regulatory statute does not offend any provision of organic law merely because it may not, in legal effect, cover the entire field that is subject to similar legislative regulations. That is to say, one is not denied the equal protection of the laws because a permissible classification that includes him does not embrace others who might have been included in a broader classification when those within the class legally formed are accorded equal treatment under the law creating the classification. So long as the classification is based upon practical differences, such as peculiar opportunities for abuse and oppression in a particular class singled out for regulation, it is not unconstitutional. The Legislature may have a lawful reason for confining a regulation to a restricted subject, and the validity of one legislative regulation is not affected by the mere failure to regulate other matters within the legislative power."
We fail to perceive, and none have been brought to our attention, any reasons or factors which would render the classification concerned herein discriminatory or arbitrary. It is our opinion that said classification is a constitutionally valid exercise of legislative power.
As the third basis for his allegation of the unconstitutionality of Ch. 63-556, Appellee states that said enactment is in reality a local bill passed under the guise of a general statute. We find no merit to this contention. The requirements of § 323.02 regarding the necessity for a certificate or permit for motor carriers transporting persons or property for compensation have statewide application to all persons except for the specific exemptions provided in § 323.29. As we said in Village of North Palm Beach v. Mason, Fla., 167 So.2d 721.

*604 "* * * a law is not necessarily discriminatory  hence invalid  because it lacks universality of operation over the state. The test to be applied is whether the exclusion of certain territories, people or properties is predicated upon a fair, proper and reasonable classification or premise." (at 728)
Also on point is our statement in Cantwell v. St. Petersburg Port Authority, 155 Fla. 651, 21 So.2d 139, that
"[A] law does not have to be universal in application to be a general law * *
[There are laws that are] local in character but general in application and are regarded as general laws."
The nature of the subject dealt with must determine the general or special character of the act in question. It is our considered judgment that the scope, purpose and nature of Ch. 323, F.S., together with the reasonable and proper classification and exemptions contained in § 323.29, fit into the category of a general statute. Ch. 63-556 in eliminating the exemption in favor of motor carriers transporting property for compensation in said area or zone treated upon an integer of the general subject of state regulation of motor carriers. In eliminating the exemption it modified the state policy so far as to require motor carriers of property for compensation operating in the formerly exempt zone to have state certificates of public convenience and necessity.
The last ground stated by Appellee in support of his motion to dismiss or quash was that prior to Appellee's being charged with said violation, the same judge before whom the instant case was presented in the Criminal Court of Record for Duval County, in the case of State of Florida v. Edgar Walker, Case No. 64-4498, on February 22, 1965 held that § 323.29, Ch. 63-556, was unconstitutional. Said judge, the Honorable Hans G. Tanzler, Jr., in his order of May 16, 1966 in which he granted Appellee's motion to dismiss or quash, acknowledged this contention as correct and applicable.
In view of this, Appellee claims in effect that at the time of his arrest he was conducting his operations pursuant to notice of and in accord with the law as it existed prior to the elimination of the exemption as to carriers of property for compensation. We take this point to be well-founded and meritorious. In Christopher v. Mungen, 61 Fla. 513, 55 So. 273, we said that "[w]here a statute is judicially adjudged to be unconstitutional, it will remain inoperative while the decision is maintained; but, if the decision is subsequently reversed, the statute will be held to be valid from the date it first became effective, even though rights acquired under particular adjudications where the statute was held to be invalid will not be affected by the subsequent decision that the statute is constitutional." (at 280) To hold that Appellee could be arrested and charged by information for violation of a statute previously declared unconstitutional by the very judge before whom he was to appear and which judge had jurisdiction of the subject matter would, in our opinion, be contrary to the broad import of this principle. Accordingly, logic and justice appear to dictate that we should choose not to give our decision herein holding the statute constitutional retroactive application insofar as the charge against Appellee is concerned. See 12 Am.Jur., Constitutional Law, § 577, pages 273 and 274. Great Northern R. Co. v. Sunburst Oil & Ref. Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, 85 A.L.R. 254. Annotation: 85 A.L.R. 262.
Thus for the reasons stated herein, we hold that F.S. § 323.29, F.S.A., is constitutional and do reverse the order of the trial court which held the same unconstitutional. We further hold that Appellee shall not be prosecuted under the particular information considered and that the dismissal or quashal *605 of the same is proper because of the reasons stated above.
It is so ordered.
THOMAS, Acting Chief Justice, and DREW, O'CONNELL and CALDWELL, JJ., concur.