231 So.2d 1 (1970)
The BOARD OF PUBLIC INSTRUCTION OF BREVARD COUNTY, Florida, a Body Corporate, Appellant,
v.
The STATE TREASURER of Florida, the State Board of Education of Florida, a Body Corporate, the State Commissioner of Education of Florida, and the District Board of Trustees of Brevard Junior College, Florida, a Body Corporate, Appellees.
No. 38597.
Supreme Court of Florida.
January 28, 1970.
*2 Bill Walker of Gleason, Walker, Pearson & Ferrell, Melbourne, for appellant.
Rivers Buford, Jr., Stanley D. Kupiszewski, Jr., Tallahassee and Thomas L. Henderson, of Henderson & Matheny, Titusville, for appellees.
PER CURIAM.
This is an appeal from a declaratory judgment holding Sections 230.0111(2) and 230.0117(7), Florida Statutes 1967, F.S.A., constitutional.
On consideration of the excellent briefs and oral argument presented to the Court, the Court is of the unanimous view that the able Circuit Judge in his Final Judgment in this cause correctly disposed of all of the issues presented and was correct in his conclusion that the aforementioned statutes are constitutional and valid.
The foregoing judgment is hereby approved in all respects and is adopted as the decision of this Court in this cause. The judgment, omitting formal parts, reads as follows:
"By appropriate pleadings the court is called upon to determine the constitutional validity of Sections 230.0111(2) and 230.0117(7), Florida Statutes providing for the support of junior colleges by county (now district) boards of public instruction.
"It is the theory of the plaintiff that it has the power and duty to `operate, control and supervise all free public schools within the school district;'[1] that it has the exclusive power to `determine the rate of school district taxes within the limits prescribed,[1] in the constitution; that the limits so prescribed are those specified in Article VII, Section 9(b), or ten mills; that under chapter 230, Florida Statutes and particularly sections 230.0100-230.0110 the operation, control and supervision of junior colleges are placed under other officers; that if junior colleges are no longer part of the free public school system they may not be supported by funds of the county (district) board of public instruction; that if junior colleges are a part of the free public school system they must be operated, controlled and managed by the local school board. From these premises it concludes that since junior colleges have been removed from control of the local school boards they have ceased to be a part of the system of free public schools and cannot lawfully be supported by funds under the control of the local school boards. As a secondary contention the plaintiff argues that the present structure of the junior college system is such that they constitute a state as distinguished from a local activity and that the practical operation of chapter 230 is to require ad valorem taxes to support junior colleges and thus in effect require ad valorem taxation for the financing of a state function in violation of section 1(a) of article VII of the constitution of 1968.
"[1] Article IX Section 4(b) constitution of 1968."
"The court is of the opinion that sections 230.0111(2) and 230.0117(7) Florida Statutes are constitutional and valid.
"The constitution of 1968, in section 1 article IX recognizes that there are three areas of public education (1) a uniform system of free public schools, (2) institutions of higher learning and (3) other public education programs. The latter obviously applies to the existing systems of junior colleges, adult education, etc., which are not strictly within the general conception of free public schools or institutions of higher learning.
"Section 3, article IX authorizing long terms for any appointive board `dealing with education' clearly contemplates that boards may be established by law to function *3 in the operation of the various phases of the state school program subject, of course, to the control of `free public schools' by the local boards.
"Section 4(b) of article IX in addition to authorizing the local board to operate, control and supervise the free public schools within the district also requires that it determine the rate of school district taxes within the constitutional limits.
"Section 9, article VII places a limit of 10 mills on taxes `for all school purposes'. `All school purposes' is certainly broader than `free public schools'. This would seem to imply that while the local board must determine the rate of all school district taxes, some of the taxes so levied by the local school district can properly be used for local school purposes other than the support of the free public schools when so provided by law. This is particularly true when as a matter of contemporary history we know that the junior colleges were being supported in part by local funds when the constitution was adopted. Of course, at that time junior colleges were called a part of the public free school system existing under the constitution of 1885. But the name doesn't change the function of these institutions. They are, in fact, other public education programs and there is nothing in the constitution which requires that they be under the control of the local school board or that prohibits the legislature enacting laws requiring that some local school funds be used in support of such institutions to the extent that they serve a local purpose. Nor is there anything in the constitution which requires that all taxes levied by a county-wide school district be appropriated exclusively to free public schools or that requires that no part of such funds may be appropriated for other school purposes and administrated by other officers.
"But there is another and more impelling reason why the statutes under attack must be sustained. The system of public education which we now enjoy has developed over many years of experience in which the advantages and disadvantages of local control of various educational functions have been carefully considered. The system of junior colleges has come into being because of the need for more advanced education than is provided by the free public schools and the impracticality of expanding our traditional institutions of higher learning to meet these demands coupled with the inability of many students who need junior college education to finance attendance at one of the major universities. Junior colleges have been established by the joint action of local and state officials. They are initially established only pursuant to necessary action of the local school boards of the affected areas. It is only reasonable that once established such institutions should continue to be aided financially by the areas which they primarily serve.
"Recognizing these facts the statute provides that if a local district which has promoted the establishment of a junior college later withdraws that support the state will withdraw from that district a part of its financial support of the local free public schools.
"This situation comes squarely within the express language of section 8, article VII which provides `state funds may be appropriated to the several counties, school districts, municipalities or special districts upon such conditions as may be provided by general law.' (Emphasis supplied.)
"It is sound government and clearly within constitutional limits to establish junior colleges as joint activities of the state and local districts particularly when the local school districts join in their establishment. It is equally sound government to avoid a situation in which local officials could withdraw local support for an institution established at their request largely for local needs and thus place upon the state and other affected counties (districts) the entire burden of financing them as the only alternative to closing needed facilities.
*4 "Plaintiff concedes that when junior colleges were treated as a part of the system of public free schools local taxation and local controls were proper. The plaintiff further concedes the power of the legislature to remove junior colleges from the system of free public schools. But it takes the position that once the junior college ceases to be a part of the system of free public schools (and thus is removed from its control) any local financing of the junior college becomes unconstitutional. Nothing in the constitution justifies this conclusion. Subject to the power of the legislature to establish a uniform system of free public schools the control of the free public schools in each district is vested in the local school board. This does not prohibit the legislature from placing upon the local school districts the duty to render financial support to junior colleges which are not under the control of the local school boards but which have been established at their request.
"Plaintiff finally asserts that the whole legislative plan is to establish junior colleges as state institutions and to require their support by local ad valorem taxes, thus circumventing the provision section 1 article VII which prohibits state ad valorem taxes. Junior colleges serve a state function. So do the universities. So do the free public schools. Junior colleges also serve a distinctly local function. The law requires that the plan of each junior college `contain provisions for serving all eligible students in the junior college district.' The court knows what everybody knows. One of the major reasons for establishing a junior college is to bring this level of education within commuting distance of large numbers of students who could not otherwise attend college. The local board must recognize the need and request its establishment before it can be authorized. Ad valorem taxes levied by school districts for support of such institutions are local taxes levied for local purposes.
"While the legislature may not circumvent the prohibition of state ad valorem taxation by any scheme or device which requires local ad valorem taxes and then channels the proceeds into essentially state functions which are not also local functions, no such situation is here presented.
"It is, therefore,
"ADJUDGED and DECLARED that sections 230.0111(2) and 230.0117(7) Florida Statutes are valid, enforcable [sic] and binding upon the parties to this litigation."
Affirmed.
ERVIN, C.J., DREW, CARLTON and BOYD, JJ., and HENDRY, District Court Judge, concur.