BOARDMAN, Judge.
Petitioners/landowners seek to review by petition for writ of certiorari an order of taking entered by the circuit judge pursuant to Chapter 74, Florida Statutes.
The constitutionality of the “quick taking” provisions of Chapter 74, Florida Statutes, was upheld in State Road Dept. v. Forehand, Fla. 1952, 56 So.2d 901. The purpose of this chapter, according to Forehand, supra, is “ . . . to provide a summary method to secure possession of property for public purposes pending condemnation proceedings, [and] at the same time meet the requirements of due process. .” The requirements of due process are satisfied, according to Forehand, supra, by a showing of:
Notice to the parties, the appointment of appraisers, the submission of testimony, the right to be represented by counsel and a determination by the court of whether or not these things have been done . . . before possession of the land is turned over to the petitioner. ... (56 So.2d 901, 903).
A review of the record in the case sub judice reveals that these basic elements of due process have been complied with.
The petitioners were notified by means of a summons to show cause and notice of eminent domain proceedings in May of 1974 that application would be made by the respondent to the trial court on June 11, 1974, for the entry of an order of taking; Knight Appraisal Services, Inc. was appointed as appraiser; and the petitioners had the assistance of counsel during the full hearing conducted by the trial judge.
Petitioners additionally question whether respondent has met its burden of establishing necessity for the taking. In Ball v. City of Tallahassee, Fla.1973, 281 So.2d 333, it is established that “ . the acquiring authority must come forward initially with some evidence showing a reasonable necessity for the proposed taking. . ” It is clear from the record that the South-Crosstown Expressway would be built in this area, however, petitioners contend for the first time in their brief that the Expressway Authority did not prove by competent evidence that the taking of their property was necessary for this project. The testimony of the project engineer established that a drainage structure would have to be constructed directly under one of the houses before the road was built. The petitioners’ trial counsel admitted during the hearing on the order of taking that this was on lot number 113.1, the petitioners’ property. From the totality of the evidence adduced, we conclude that there was substantial compliance with the requirements of Chapter 74, Florida Statutes, that the requirements of Ball, supra, have been met, and that the authority has clearly demonstrated the necessity for the acquisition of the petitioners’ property.
Certiorari denied.
MANN, C. J., and HOBSON, J., concur.