PER CURIAM.
The Circuit Court for the Eleventh Judicial Circuit of Florida has certified two questions to this court pursuant to Florida Appellate Rule 4.6(a). They are as follows:
“The foregoing facts raise the following question for certification to the District Court of Appeal, Third District:
I. WHETHER AN EMPLOYER WHO HAS PAID BENEFITS TO THE SURVIVORS OF A DECEASED EMPLOYEE UNDER THE PROVISIONS OF THE FLORIDA WORKMEN’S COMPENSATION ACT FOR INJURIES SUFFERED BY THE EMPLOYEE DURING THE COURSE OF HIS EMPLOYMENT IS IMMUNE FROM SUIT ON AN INDEMNIFICATION, IMPLIED IN LAW CONTRACTUAL, OR CONTRIBUTION BASIS BROUGHT BY A CO-EMPLOYEE WHO HAS BEEN SUED BY THE DECEASED EMPLOYEE’S SURVIVORS FOR HIS NEGLIGENCE ALONE IN CAUSING THE INJURIES AND DEATH OF THE DECEASED EMPLOYEE WHERE:
1. THE CAUSE OF ACTION ARISES OUT OF THE SAME TRANSACTION OR OCCURRENCE FOR WHICH THE EMPLOYER HAS ALREADY PAID BENEFITS TO THE SURVIVORS OF THE DECEASED EMPLOYEE INTO THE FLORIDA WORKMEN’S COMPENSATION ACT, AND
2. A CLAIM AGAINST THE CO-EMPLOYEE DOES NOT ARISE OUT OF OR IN ANY WAY INVOLVE ALLEGATIONS REGARDING A DEFECTIVE PRODUCT OR PIECE OF EQUIPMENT.
II. IF THE ANSWER TO THE PREVIOUS QUESTION IS IN THE AFFIRMATIVE, WOULD SUCH A BAR CONSTITUTE AN UNCONSTITUTIONAL DEPRIVATION OF EQUAL PROTECTION OF THE LAWS AND DUE PROCESS TO THE CO-EMPLOYEE UNDER THE PROVISIONS OF THE UNITED STATES AND FLORIDA CONSTITUTIONS.”
The circuit court has the power to adjudicate the questions. They are not without controlling precedent. It is true that the application of the decided cases to the facts of the pending case may be difficult but their application is the initial burden of the trial judge. See Schwob Co. v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782 (1942); and Dade County v. Philbrick, 162 So.2d 266 (Fla.1964).
We must, therefore, respectfully decline to answer the questions.