421 So.2d 1067 (1982)
ST. JOHNS RIVER WATER MANAGEMENT DISTRICT, Greater St. Johns River Basin, and Florida Department of Revenue, Appellants/Cross-Appellees,
v.
DESERET RANCHES OF FLORIDA, INC., Appellee/Cross-Appellant.
No. 61501.
Supreme Court of Florida.
September 14, 1982.
Rehearing Denied December 7, 1982.
Egerton K. van den Berg of van den Berg, Gay & Burke, Orlando, and Jim Smith, Atty. Gen., and Jeff Kielbasa, Asst. Atty. Gen., Tallahassee, for appellants/cross-appellees.
Patricia C. Fawsett of Akerman, Senterfitt & Eidson, Orlando, for appellee/cross-appellant.
ALDERMAN, Chief Justice.
St. Johns appeals the decision of the District Court of Appeal, Fifth District, holding chapter 77-382, Laws of Florida, which created the Greater St. Johns River Basin, unconstitutional as a local law enacted without the notice required by article III, section 10, Florida Constitution. Deseret cross-appeals contending that the district court erred in holding that the District is not levying unconstitutional state ad valorem taxes. Deseret Ranches of Florida, Inc. v. St. Johns River Water Management District, 406 So.2d 1132 (Fla. 5th DCA 1981). We hold that chapter 77-382 is a constitutional, properly enacted general law and reverse that portion of the Fifth District's opinion holding to the contrary. We further hold that the district court properly resolved the ad valorem tax issue.
*1068 In 1979, Deseret Ranches of Florida, a landowner in Orange, Osceola, and Brevard Counties, filed suit for declaratory relief on behalf of all persons against whom ad valorem taxes and permit application fees were assessed in those counties by the St. Johns River Water Management District. Deseret contended that the Greater St. Johns River Basin, created by chapter 77-382, Laws of Florida,[1] was unconstitutionally established, that the District is impermissibly levying state ad valorem taxes, and that the District has been improperly spending ad valorem tax revenues for its administrative and regulatory functions. Following a non-final order entered by the circuit court granting partial summary judgment in favor of the District and the Basin, Deseret petitioned the District Court of Appeal, Fifth District, for a writ of common law certiorari.
The district court granted certiorari and held that because chapter 77-382 does not operate uniformly throughout the state but rather applies only to those inhabitants and property owners in the District who are not within the Oklawaha Basin, it is a local law enacted in violation of article III, section 10, Florida Constitution, which requires that notice of intention to seek enactment of a special law be published in the manner provided by general law. The court also held that the District is not levying unconstitutional state ad valorem taxes and that the District, as a "special district" under the provisions of article VII, section 9(a), Florida Constitution, is authorized to levy ad valorem taxes for local purposes.
Upon consideration of petitions for rehearing and clarification, the Fifth District decided that its holding as to the unconstitutionality of chapter 77-382 should operate prospectively, thereby entitling the Basin to receive ad valorem taxes accruing on January 1, 1981. 406 So.2d at 1142-43.
We initially address the issue of whether chapter 77-382 is unconstitutional on the basis that it was enacted without the notice required by article III, section 10, which provides:
Special laws.  No special law shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law. Such notice shall not be necessary when the law, except the provision for referendum, is conditioned to become effective only upon approval by vote of the electors of the area affected.
In order to determine whether this notice was necessary, we must decide whether chapter 77-382 is a special law within the contemplation of article III, section 10. In view of the nature and history of this enactment, we hold that it is a general law rather than a special law. Chapter 77-382 was enacted as an amendment to chapter 373, Florida Statutes, and we must construe it in conjunction with that chapter. Recognizing that the waters in the state are among Florida's basic resources, the Florida Legislature, through chapter 373, "The Florida Water Resources Act," provided a comprehensive statewide plan for the conservation, protection, management, and control of state waters. § 373.016. This statutory plan, created by general law (chapter 72-299, Laws of Florida), provides that the state be divided into five water management districts and that lands within each district be further divided into subdistricts or basins. §§ 373.069 and 373.0693. The present districts and basins, with the exception of the Greater St. Johns River Basin, were created pursuant to chapter 76-243, Laws of Florida, which is a general law. Although the Greater St. Johns River *1069 Basin was the only basin created in 1977, there is no reasonable basis for characterizing its enacting legislation any differently than the legislation creating the other basins. Although enacted in different years and applicable to different geographical areas of the state, both laws became integral parts of Florida's comprehensive water management plan affecting people statewide.
Although there is no definition of general or local law in the constitution, in our early case of State ex rel. Gray v. Stoutamire, 131 Fla. 698, 179 So. 730, 733 (1938), we defined the terms "special or local laws" as used in the constitution and said that they "refer ordinarily to law relating to entities, interests, rights, and functions other than those of the State, since the organic law does not contemplate or require previous publication of notice of proposed laws for the exercise of State powers and functions though they may be more or less local or special in their operation or objects." (Emphasis supplied.) In the present case, the statewide water management plan created and implemented by chapter 373 is primarily a state function serving the state's interest in protecting and managing a vital natural resource. In fact, the Fifth District in the present case took notice of the interrelationships of various areas of the state and found that water management districts further the state functions of water resource conservation, control, planning, and development. 406 So.2d at 1140.
We have repeatedly held that a law does not have to be universal in application to be a general law if it materially affects the people of the state. Cantwell v. St. Petersburg Port Authority, 155 Fla. 651, 21 So.2d 139, 140 (1945). See also Cesary v. Second National Bank of North Miami, 369 So.2d 917 (Fla. 1979). For example, in State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955), the State, in contesting a bond validation, contended that the law authorizing the turnpike and establishing the Authority was a local or special law because the legislature directed that the "partpike" be presently built through only a small part of the state and the improvements would affect only the counties located between Broward and St. Lucie. In rejecting this contention, we stated:
The Turnpike Authority is a State agency charged with creating a highway that is bound, it seems to us, to affect traffic statewide. As a main artery to facilitate the flow of travel northward and southward not only by residents but by those who make up one of the principal industries of the State, the tourist industry, not to mention the many businesses incident to the use of the motor vehicle, whether by resident or visitor, the entire State, will be affected. It is our opinion that such a turnpike may no more logically be said to be local than the aorta may be said to perform a local function independent of other blood vessels of the human body.
We think our opinion in Cantwell v. St. Petersburg Port Authority, 155 Fla. 651, 21 So.2d 139, is much more relevant. The Railroad Commission had been authorized to grant franchises for the construction of bridges, ferries, and so on, over bays and inlets connected with the Gulf of Mexico.
The Act was attacked on the ground that it was a local law attempted to be enacted without regard for the constitutional requirements. The court observed that although many counties in the State were not adjacent to the Gulf, many of them were, and that the Gulf affected the people of the counties it did not touch. The court remarked: "It may therefore be said to affect directly or indirectly every citizen of the state."
80 So.2d at 343-44. Because of the statewide impact of the Water Resources Act and because of the contribution made by each and every water management district and basin to the overall water management plan, we hold that chapter 77-382 is a general law properly enacted by the Florida Legislature.
Since we find chapter 77-382 to be a constitutionally valid statute, we do not reach the issue of whether the district court *1070 erred in holding that its decision would be prospectively applied.
On cross-appeal, Deseret contends that the St. Johns River Water Management District is levying state ad valorem taxes prohibited by article VII, section 1(a), Florida Constitution.[2] We reject this contention as did the district court. Article VII, section 9, Florida Constitution, specifically authorizes the levying of ad valorem taxes for water management purposes.[3] Section 373.503 provides the implementing legislation for ad valorem taxation to finance the works of the District. The determinative question is whether the ad valorem tax receipts are used to further a local purpose. In Board of Public Instruction of Brevard County v. State Treasurer, 231 So.2d 1 (Fla. 1970), we upheld the constitutionality of statutes providing for local support of public junior colleges not under the control of the local school board. In finding that ad valorem taxes levied for such support are not prohibited state ad valorem taxes, we stated:
Junior colleges serve a state function. So do the universities. So do the free public schools. Junior colleges also serve a distinctly local function.... Ad valorem taxes levied by school districts for support of such institutions are local taxes levied for local purposes.
While the legislature may not circumvent the prohibition of state ad valorem taxation by any scheme or device which requires local ad valorem taxes and then channels the proceeds into essentially state functions which are not also local functions, no such situation is here presented.
231 So.2d at 4. More recently in Sandegren v. State, 397 So.2d 657 (Fla. 1981), we upheld a comprehensive mental health plan being challenged as an improper infringement on local taxing power because it required local governments to match state funds for community health services. Citing Board of Public Instruction of Brevard County, we stated that "there is nothing in the state constitution which prohibits the legislature from enacting laws requiring the expenditure of local funds to support programs to the extent that such programs serve a local purpose." 397 So.2d at 659.
We likewise find that the St. Johns River Water Management District is not levying state ad valorem taxes in violation of article VII, section 1(a), Florida Constitution, because, as the district court properly found:
The fact that water resource conservation, control, planning and development are state functions does not make them exclusively so. The availability of adequate fresh water supplies is of critical local interest. The interrelations of various areas of the state mandates supervision of the various water management *1071 districts to assure that they do not operate at cross purposes. It is clear that simply because a water management district furthers a state function, policy, or purpose does not prevent it from levying ad valorem taxes where the local function, policy, or purpose is similarly vital to the local district area.
406 So.2d at 1140.
Accordingly, the decision of the District Court of Appeal, Fifth District, is affirmed in part and reversed in part.
It is so ordered.
ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.
NOTES
[1] Chapter 77-382, Laws of Florida, provides in pertinent part:

Section 1. Subsection (8) of section 373.0693, Florida Statutes, 1976 Supplement, is amended to read:
373.0693 Basins; basin boards. 
... .
(a) On July 1, 1977, the entire area of the St. Johns River Water Management District, less those areas in the Oklawaha Basin, shall be formed into a subdistrict or basin of the St. Johns River Water Management District. Such area shall be designated as the Greater St. Johns River Basin.
(b) The governing board of the St. Johns River Water Management District shall also serve as the governing board of the Greater St. Johns River Basin.
[2] Art. VII, § 1(a), Fla. Const., provides:

(a) No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law.
[3] Art. VII, § 9, Fla. Const., provides:

SECTION 9. Local Taxes. 
(a) Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.
(b) Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors who are the owners of freeholds therein not wholly exempt from taxation, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; for all municipal purposes, ten mills; for all school purposes, ten mills; for water management purposes for the north-west portion of the state lying west of the line between ranges two and three east, 0.05 mill; for water management purposes for the remaining portions of the state, 1.0 mill; and for all other special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation. A county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes. (Emphasis supplied.)