WIGGINTON, Judge.
Appellants appeal the trial court’s order upholding the constitutionality of Chapter 87-38, Section 13, Laws of Florida, which is now codified in Section 550.355(2), Florida Statutes (1987). We find the statute unconstitutional in that it is a special act in the guise of a general law and was enacted in violation of Article III, Section 10, Florida Constitution. Therefore, we reverse.
Section 550.355(2) provides as follows: In any county in which there has been issued by the Division of Pari-Mutuel Wagering of the Department of Business Regulation, as of January 1, 1987, two quarter horse racing permits, neither of which was utilized for racing prior to January 1, 1987, and only one jai-alai permit, the Division of Pari-Mutuel Wagering shall issue not more than one license in any qualifying county for the receipt and display of live thoroughbred horse races by simulcasting and for the acceptance of all legally authorized forms of pari-mutuel wagering on such races, which facility may not be located at the premises of any other pari-mutuel wagering permitholder licensed under this chapter and Chapter 551....
The wording of the statute does not facially create a special law. However, in their briefs and argument before the Court, the parties have conceded that the wording of the statute is the equivalent of a specification of Marion County alone by name since, due to the particular requirements and the temporal limitation imposed by the statute, only Marion County will ever fall within its bounds. Use of that descriptive technique for the sole purpose of specifically identifying Marion County amounts to the creation of a completely “closed class” under the guise of creating a valid classification for the enactment of a general law. See Department of Legal Affairs v. Sanford-Orlando Kennel Club, 434 So.2d 879 (Fla.1983) and West Flagler Kennel Club v. Florida State Racing Commission, 153 So.2d 5 (Fla.1963). We decline to accept appellee’s reasoning that the statewide impact of laws relating to pari-mutuel wagering is equivalent to the exercise of state proprietary functions which might salvage the legislation as a general law. Compare Cantwell v. St. Petersburg Port Authority, 155 Fla. 651, 21 So.2d 139 (1945) and St. John’s River Water Management District v. Deseret Ranches of Florida, Inc., 421 So.2d 1067 (Fla.1982).
Therefore, under the circumstances as conceded by the parties, Section 550.355(2) is a special act. The fact that it was not enacted pursuant to the requirement of Article III, Section 10, that a special law not be passed without published notice or the provision for a referendum and approval by vote of the electors of the area affected, renders it unconstitutional.
Further, the parties have not shown any reasonable relationship between the express class characteristics enumerated in the statute and the purpose of the legislation and we find the absence of such a relationship to be patent on the record before us. Therefore, on that additional ba *1050 sis, even aside from the acknowledgement of the parties discussed above, the statute is not constitutionally sound as a general law. Art III, See. 11(b), Fla. Const.; Sanford-Orlando Kennel Club; Biscayne Kennel Club, Inc. v. Florida State Racing Commission, 165 So.2d 762 (Fla.1964); Shelton v. Reeder, 121 So.2d 145 (Fla.1960).
REVERSED.
SMITH, C.J., and WENTWORTH, J., concur.